## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In re:                                        )        Chapter 7
    NANOINK, INC.,                         )        Case No. 13-14126
               Debtor.        )        Honorable Eugene R. Wedoff

### NOTICE OF MOTION

TO:   ALL ECF REGISTRANTS; and ALL PARTIES LISTED ON ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **SEPTEMBER 18, 2013**, at **9:30 A.M.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Eugene R. Wedoff, or any Judge sitting in his stead, in Room 744 of the Dirksen Federal Building, 219 S Dearborn Street, Chicago IL, and shall then and there present the attached **FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES TO MOGLIA ADVISORS AS SALES ADVISORS TO CHAPTER 7 TRUSTEE DEBORAH KANNER EBNER**, a copy of which is attached hereto.

Dated:  August 22, 2013

                                      Deborah K. Ebner, not
                                      individually, but solely as Chapter 7
                                      Trustee for NanoInk, Inc.

                                      By: /s/Deborah K. Ebner
                                            One of her attorneys

Deborah K. Ebner, Esq. (ARDC #6181615)
Dennis E. Quaid, Esq. (ARDC #2267012)
Linda Kujaca, Esq. (ARDC #06243299)
Law Office of Deborah Kanner Ebner
11 East Adams Street
Suite 904
Chicago, Illinois 60603
(312) 922-3838

## CERTIFICATE OF SERVICE

Deborah K. Ebner, an attorney, certifies that on August 22, 2013, she caused the **FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES TO MOGLIA ADVISORS AS SALES ADVISORS TO CHAPTER 7 TRUSTEE DEBORAH KANNER EBNER** to be served by operation of the Court's electronic filing system to all ECF recipients registered in this case as listed below:

- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Dean C. Harvalis USTPRegion11.ES.ECF@usdoj.gov
- Gus A Paloian gpaloian@seyfarth.com
- Patrick F Ross pfross@uhlaw.com
- David J Letvin davidletvin@aol.com
- Bret Harper bharper@seyfarth.com
- Sarah Baker on behalf of Trustee Deborah Kanner Ebner > sarah.baker@quarles.com, milli.zukowsky@quarles.com
- David R Doyle on behalf of Creditor Northwestern University > ddoyle@shawfishman.com
- Faye B Feinstein on behalf of Trustee Deborah Kanner Ebner > faye.feinstein@quarles.com, stella.love@quarles.com; anthony.steinike@quarles.com
- Bret Harper on behalf of Debtor NanoInk, Inc. > bharper@seyfarth.com, chidocket@seyfarth.com
- Patrick S Layng > USTPRegion11.ES.ECF@usdoj.gov
- David J Letvin on behalf of Stockholder Cedric Loiret-Bernal > davidletvin@aol.com
- Gus A Paloian on behalf of Debtor NanoInk, Inc. > gpaloian@seyfarth.com, jmcmanus@seyfarth.com
- Mark L Radtke on behalf of Creditor Northwestern University > mradtke@shawfishman.com,    bharrington@shawfishman.com
- Patrick F Ross on behalf of Creditor FC Skokie PQ, LLC > pfross@uhlaw.com, kburde@uhlaw.com; rjanczak@uhlaw.com;keedeus@uhlaw.com;sgfeibus@uhlaw.com
- Patrick F Ross on behalf of Creditor FC Skokie SPE, LLC > pfross@uhlaw.com, kburde@uhlaw.com; rjanczak@uhlaw.com;keedeus@uhlaw.com;sgfeibus@uhlaw.com
- Patrick F Ross on behalf of Creditor Forest City Commercial Management, Inc. > pfross@uhlaw.com, kburde@uhlaw.com; rjanczak@uhlaw.com; keedeus@uhlaw.com;sgfeibus@uhlaw.com
- Brian L Shaw on behalf of Creditor Northwestern University > bshaw100@shawfishman.com, bharrington@shawfishman.com

Deborah K. Ebner also certifies that on August 22, 2013, she caused the **FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES TO MOGLIA ADVISORS AS SALES ADVISORS TO CHAPTER 7 TRUSTEE DEBORAH KANNER EBNER**, to be served by U.S. Mail, on the Debtor's 20 largest unsecured creditors listed on the attached service list, all those parties requesting notice and posted to the case website, the address of which is **www.nanoinkbankruptcy.net**.

## SERVICE LIST

**BY FIRST CLASS MAIL:**

Kimberly Bacher, Office of the U.S. Trustee, 219 S Dearborn St, Room 873, Chicago, IL 60604

Gus A Paloian/Bret Harper, Seyfarth Shaw LLP, 131 S. Dearborn St, Suite 2400, Chicago, IL 60606

Faye Feinstein/Sarah Baker, Quarles & Brady LLP, 300 N. LaSalle St, Suite 4000, Chicago, IL 60654

Gary D Bressler, McElroy, Deutsch, Mulvaney & Carpenter, 1617 John F Kennedy Blvd, Philadelphia, PA 19103

David R Doyle/Brian Shaw/Mark Radtke, Shaw Fishman Glantz & Towbin LLC, 321 N. Clark St, Suite 800, Chicago, IL 60654

Gregory M Gartland, Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, IL 60601

Chad J Husnick, Kirkland & Ellis LLP, 300 North LaSalle St, Chicago, Il 60654

David J Letvin, Letvin & Stein, 541 N Fairbanks, Suite 2121, Chicago, IL 60611

Patrick F Ross/Tina Solis, Ungaretti & Harris LLP, 3500 Three First National Plaza, Chicago, IL 60602

Jeffrey M Schwartz, Much Shelist, 191 North Wacker Drive, Suite 1800, Chicago, IL 60606

Asylum Research, 6310 Hollister Ave, Santa Barbara, CA 93117

Robert Janosky, 285 Grande Way Unit 404, Naples, FL 34110

FC Skokie SPE, LLC, P.O. Box 72502, Cleveland, OH 44192

Foley & Lardner, Suite 500 3000 K, Street, NW, Washington, DC 20007

Joseph S. Fragala, 3067 Bates Ct, San Jose, CA 95148

Harry D. Hart, 610 Arbor Ct, Highland Village, TX 75077

James Hussey, 15 Mulberry, Hawthorne Woods, IL 60047

Invo, 1800 Sherman Ave., Evanston, IL 60201

Illinois Secretary of State, 501 S. 2nd St. S, Springfield, IL 62756

Lurie Lending Company, LLC, 440 East Ontario, Chicago, IL 60610

Lurie Investment Fund, 440 East Ontario, Chicago, IL 60610

Michael R. Nelson, 1309 Annie Ln, Libertyville, IL 60048

Nanomotion, Inc., 1 Comac Loop, Suite 14B2, Ronkonkoma, NY 11779

Egon Zehnder, International, In, 350 Park Avenue, New York, NY 10022

NeoPhotonics Corporation, 2911 Zanker Rd, San Jose, CA 95134

Ben Pothast, 1058 Cormar Drive, Lake Zurich IL 60047

**Service By Federal Express Overnight Service:**

Tom Warwick
30 Sedley Taylor Road
Cambridge, UK CB2 2PN

**Notice will be posted on Trustee's Website, the address of which is: www.nanoinkbankruptcy.net**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| NANOINK, INC., | ) | Case No. 13-14126 |
| | ) | |
| | ) | Judge Eugene R. Wedoff |
| Debtor. | ) | |

## FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES TO MOGLIA ADVISORS AS SALES ADVISORS TO CHAPTER 7 TRUSTEE DEBORAH KANNER EBNER

### Cover Sheet for Application for Professional Compensation

Name of Applicant(s):      **Moglia Advisors**

Authorized to Provide Professional Services to:      **Deborah Kanner Ebner, Trustee of the Estate of NanoInk, Inc., Chapter 7 Bankruptcy No. 13-14126**

Date of Order Authorizing Employment:      **May 8, 2013**

Period for which Compensation is Sought:      **May 6, 2013 through August 2, 2013**

Amount of Fees Sought:                              **$ 18,861.00**

Amount of Expense Reimbursement Sought:      **$    58.38**

This is an:      Interim Application ___      Final Application__ X __

If this is not the first application filed herein by this professional, disclosure as to all prior fee applications:

| Date Filed | Period Covered | Total Requested | Total Allowed | Any Amount Withheld by Order |
|---|---|---|---|---|
| **N/A** | **N/A** | **N/A** | **N/A** | **N/A** |

The amount of fees and expenses paid to the Applicant to date for Service rendered and expenses incurred herein is:$____15,000.00_____, representing its retainer.

In re:  NanoInk, Inc.
       Chapter 7 No. 13-14126
       Cover Sheet for Application for Professional Compensation by Trustee's Sales
       Advisors

       (PAGE TWO of TWO)

       Professionals retained and represented as follows in this Application for Allowance of
Compensation and Reimbursement of Expenses as Sales Advisor to the Trustee:

| Name of Professional | Hourly Rates | Hours of Service | Value of Service |
|---|---|---|---|
| Alex D. Moglia, President | $450 | 8.00 | $3,600.00 |
| Gary A. Wencel, Managing Director | $390 | 38.40 | $14,976.00 |
| Matthew Brash, Director | $200 | 0.90 | $100.00 |
| Mark Baum, Consultant | $300 | 0.20 | $60.00 |
| Lara Martin, Support Staff | $125 | 1.00 | $125.00 |
| TOTALS | | 48.50 | $ 18,861.00 |

**A Summary and Total of Fee Application Categories is Attached hereto.**


DATE:  August 19, 2013                Respectfully Submitted,
                                      APPLICANT Sales Advisor for
                                      Deborah Kanner Ebner, Trustee

                                      BY:  Moglia Advisors

                                      By:____/s/ Alex D. Moglia_____
                                             Alex D. Moglia

                                             President
                                             Moglia Advisors

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| NANOINK, INC., | ) Case No. 13-14126 |
| Debtor | ) |
| | ) Honorable Eugene R. Wedoff |
| | ) |
| | ) |
| | ) Hearing Date: |
| | ) Hearing Time: |

## FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO MOGLIA ADVISORS AS SALES ADVISORS TO CHAPTER 7 TRUSTEE DEBORAH KANNER EBNER

Pursuant to 11 U.S.C. §§ 330 and 331, Moglia Advisors ("**MA**"), respectfully requests

that this Court enter an order authorizing the Trustee to make payment to MA of $18,861.00 in

compensation for sales advisory services rendered to the Trustee, and $58.38 in reimbursement

of expenses related to the same (the "**Application**"), for the period of May 6, 2013 through

August 2, 2013 (the "**Application Period**"). In support of this Application, MA respectfully

states as follows:

### JURISDICTION

1.  The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and

    1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before

    this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND

2.  On April 4, 2013 ("Petition Date"), Debtor filed a voluntary petition for relief under

    chapter 7 of the United States Bankruptcy Code, II U.S.C. §§101 *et seq.* (the "Code") and

    Deborah Kanner Ebner was appointed Trustee (the "Trustee"). Debtor was a technology

company specializing in nanometer-scale manufacturing and applications development

for the life sciences, engineering, pharmaceutical, and education industries.

3.  Debtor's assets consisted predominantly of intellectual property rights, including patents

and license agreements.  Debtor's patent portfolio consisted of over 440 total documents,

including both owned and licensed properties.  The portfolio included 60 U.S. patents, 74

U.S. patent applications, 97 foreign patents, and 230 foreign patent applications (the "IP

Assets").

4.  The Debtor also owned and leased miscellaneous equipment and other nonintellectual

property assets, which were located in: Skokie, Illinois; Greenwood, South Carolina;

Campbell, California; Ackley, New Jersey; and Puerto Rico (together with the IP Assets,

the "Assets").

5.  On May 3, 2013, the Trustee filed her Application to Employ Moglia Advisors as

Trustee's Sales Advisors (docket #23). (the "**Moglia Employment Application**") to

advise and assist her in the sale of Debtor's assets.

6.  In anticipation of the entry of the order to employ MA, and with the approval of the

Trustee, MA commenced its activities on May 6 and 7, 2013.  MA requests that its time

incurred immediately prior to the entry of the hiring order, totaling 3.90 hours and

$1,521.00, be allowed as part of its compensation.

7. Subsequently, on May 8, 2013, this Court entered its Order Granting Application to Employ Moglia Advisors (docket #42) (the "**Moglia Hiring Order**").

## SUMMARY OF THE SERVICES RENDERED BY MA TO THE TRUSTEE

8. Total fees requested by MA for sales advisory services rendered to the Trustee during the Application Period aggregate $18,861.00. A breakdown of this amount by each MA professionals; each professional's title, hourly rate, and total hours expended in providing sales advisory services is as follows:

| PROFESSIONAL | TITLE | 2013 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Alex D. Moglia | President | $450 | 8.00 | $3,600.00 |
| Gary A. Wencel | Managing Director | $390 | 38.40 | $14,976.00 |
| Matthew Brash | Director | $200 | 0.90 | $100.00 |
| Mark Baum | Consultant | $300 | 0.20 | $60.00 |
| Lara Martin | Support Staff | $125 | 1.00 | $125.00 |
| TOTAL | | | 48.50 | $18,861.00 |

9. The hourly rates sought in this Application are identical to, or less than, those charged by MA for similar or identical services provided by them in other bankruptcy or non-bankruptcy matters and cases during the Application Period.

10. During the Application Period, MA made every reasonable effort to have the services it rendered to the Trustee performed by those qualified personnel and paraprofessionals charging the lowest hourly rates, consistent with the level of service, experience, and efficiency required of a given task.

3

11. All of the fees and expenses for which MA requests interim allowance and payment of compensation and reimbursement relate to the Application Period, and were rendered in connection with the above-captioned case, at the Trustee's request, and in the discharge of MA's professional responsibilities as sales advisor to the Trustee. MA respectfully submits that the sales advisory services that it provided to the Trustee during the Application Period were, in all respects, reasonable, necessary, and beneficial to the bankruptcy estate.

## TIME AND EXPENSE RECORDS

12. MA maintains written records of the time expended by its professionals. These time records are maintained contemporaneously with the rendering of sales advisory services by each MA professional.

13. A detailed statement of MA's sales advisory services for which compensation is now sought is attached to this Application, in the form of MA's detailed time records, as **Exhibit A** (the "**Time Statement**"), and is incorporated herein by reference. The Time Statement sets forth in detail the sales advisory services which MA rendered on behalf of the Trustee, the dates upon which such services were rendered, the nature of the services, the time spent, and the identity of each MA professional who performed such services.

14. MA also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the sales advisory services that it renders. Such records for the above-captioned case, which are attached hereto as **Exhibit B**, and which are also incorporated herein by reference, contain a complete schedule of expenses and amounts for which

reimbursement is sought in relation to the services which MA provided to the Trustee during the Application Period.

## DISCUSSION OF SERVICES RENDERED

### Sale Advisory Services  (48.50 hours valued at $18,861.00)

15. During the Application Period, MA personnel reviewed information regarding the Debtor and its assets, the bankruptcy case and various analyses prepared for the Debtor with respect to its assets and intellectual property.

16. MA personnel then prepared materials for distribution to potentially interested parties, describing the assets in general and soliciting further contacts with MA.

17. MA prepared a mass electronic mailing, to its database of contacts in the industrial, investment and legal communities, in excess of 4,700 parties and included asset descriptions and general marketing materials and contact information for further follow-up by interested parties.

18. MA also identified specific industries to which sale solicitations would be targeted, identified specific companies within the selected industries and contacted specific individuals within each specific company, providing them with information on assets available for sale and the time line and process for the Trustee's sale. These contacts included global firms in the pharmaceutical, semiconductor fabrication and electronics industries, as well as patent aggregating companies.

19. As part of its sales efforts, MA prepared and distributed press releases announcing the availability of the Debtor's assets and the time line for the proposed sale by the Trustee.

5

Thirty industry and news aggregation websites and publishers were evaluated, and fourteen sites were contacted and sent informational sale announcements.

20. MA personnel spoke with numerous interested parties and solicited non-disclosure agreements from several large corporations, in order to provide them with access to a secure data room established by the Trustee that contained additional detailed information with respect to the Debtor's assets.

21. During the Application Period, MA expended 48.50 hours with a value of $18,861.00 on these services. **Exhibit A** contains a detailed description of the time entries attributable to this category of services.

## Expenses

22. MA advanced $58.38 on behalf of the Trustee in connection with the sales advisory services that it rendered during the Application Period. All funds advanced on behalf of the Debtor were actual and necessary expenses incurred on behalf of the Trustee. **Exhibit B** contains a detailed description of MA's expenses and is incorporated herein by reference.

23. A summary of the various categories of expenses and their respective, aggregate costs to MA is as follows:

| Category | Amount |
|---|---|
| Mileage | $29.38 |
| Parking | $25.00 |
| Tolls | $4.00 |
| **Total** | **$58.38** |

6

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

24. The foregoing professional services rendered during the Application Period were necessary and appropriate to assist the Trustee with the administration of the above-captioned cases and were in the best interests of the Debtor. The compensation requested for the services performed is commensurate with the complexity, importance and the nature of the problems, issues or tasks involved. MA has undertaken significant efforts to ensure that the professional services were performed in an efficient manner without duplication of effort.

25. In calculating the amount of time spent by each professional and paraprofessional in performing actual and necessary legal services for the Trustee, MA used data that came directly from computer printouts that are kept on each MA client.

26. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code for "reasonable compensation for actual and necessary services rendered ...." 11 U.S.C. § 330(a)(1). Further, Section 330 of the Bankruptcy Code sets forth guidelines for the court to consider for the award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors including:
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which service was rendered toward completion of, a case under this title;

(D)    whether the services were performed within
a reasonable amount of time commensurate with the
complexity, importance, and nature of the problem,
issue or task addressed;

(E)    with respect to a professional person,
whether the person is board certified or otherwise
has demonstrated skill and experience in the
bankruptcy field; and

(F)    whether compensation is reasonable based
on the customary compensation charged by
comparably skilled practitioners in cases other than
cases under this title.

11 U.S.C. § 330(a)(3).

27. In determining the reasonableness of hourly billing rates and the number of hours

expended in providing professional services, the Seventh Circuit has used "[the]

'lodestar' approach – multiplying the number of actual and necessary hours *reasonably*

expended by a reasonable hourly rate ...." In re Wildman, 72 B.R. 700, 712 (Bankr. N.D.

Ill. 1987). While the lodestar approach is a good starting point, other factors should be

considered in deciding whether the compensation sought is reasonable. Id.

28. When analyzing whether a professional's hourly billing rate is reasonable, the Seventh

Circuit has held that:

"[T]he best measure of an [professional's] time is what that attorney could earn
from paying clients. For a busy [professional], this is the standard rate. If he
were not representing this plaintiff in this case, the [professional] could sell the
same time to someone else. That person's willingness to pay establishes the
market's valuation of the [professional's] services."

In re Farley, Inc., 156 B.R. 203, 211 (Bankr. N.D. Ill. 1993) quoting Gusman v. Unisys Corp.,

986 F.2d 1146, 1150 (7th Cir. 1993). Therefore, when applying the "lodestar" approach, the

reasonable hourly rate is presumed to be the professional's normal billing rate. See Pressley v.

Haeger, 977 F.2d 295, 299 (7th Cir. 1992) ("It is not the function of judges in fee litigation to

determine the equivalent of the medieval price. It is to determine what the [professional] would receive if he were selling his services in the market rather than being paid by a court order.") (internal quotation marks and citation omitted).

29. The rates charged by MA in this case are its standard rates for any bankruptcy matter. The rates charged by MA are consistent with the reasonable and customary hourly rates charged by other professionals throughout the country in matters of similar complexity, scope and significance.

30. MA personnel performed services and billed 48.50 hours of time during the Application Period totaling $18,861.00 in fees. MA's average hourly billing rate for its personnel during this Application Period (its "lodestar" rate) was $388.89.

31. MA respectfully submits that the services for which it is seeking compensation in this Application were necessary to the Trustee's efforts in administering the Debtor's estate. These services were also beneficial to, and in the best interests of the Debtor's estate. The compensation sought is reasonable in light of the nature, extent and value of such services provided to the Trustee.

32. The services rendered by MA were necessary and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein for the Application Period is warranted.

33. The Court may award a professional employed under Section 327 of the Bankruptcy Code its "reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1)(B). "An expense is necessary if it was incurred because it was required to accomplish the proper

9

representation of the client." <u>In re Spanjer Bros., Inc.</u>, 191 B.R. 738, 749 (Bankr. N.D. Ill. 1996); <u>See</u> <u>In re Wildman</u>, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987).

34. MA has requested reimbursement only for actual and necessary expenses incurred on behalf of the Trustee.  These expenses were incurred because they were required to accomplish the proper representation of the Trustee in the matter.

35. MA is requesting the allowance and the payment of all fees and expenses sought in the Application Period.  Pursuant to Section 5082(B)(2) of the Local Rules, the source of the funds to pay the allowed fees and expenses in the Application Period is funds controlled by, or to be borrowed by the Debtor.

36. Pursuant to the Moglia Hiring Order, MA has applied the retainer of $15,000 previously received from the Trustee against the professional time it has incurred to date.

**RELIEF REQUESTED**

WHEREFORE, MA respectfully requests an order: (i) allowing compensation to MA for professional services rendered during the Application Period in the amount of $18,861.00; (ii) allowing the actual and necessary expenses MA incurred during the Application Period in the amount of $58.38; (iii) authorizing and directing the Trustee to pay MA for the professional services and to reimburse MA for actual and necessary expenses MA incurred during the Application Period and allowed by this Court in excess of the retainer previously received by MA; and (iv) such further relief as the Court deems just and appropriate.

Respectfully submitted,

Dated:  August 19, 2013

MOGLIA ADVISORS

By: /s/_____
    Alex D. Moglia
    President

11