**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 19 2014

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

In re:                                )
                                      )
                                      )      Case No. 13 B 14126
    NANOINK, INC.,                    )
                                      )
                                      )
                                      )      Chapter 7
         Debtor.                      )
                                      )

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF DEBORAH K. EBNER, ATTORNEY FOR TRUSTEE, FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $72,391.50 | TOTAL COSTS REQUESTED: | $5,048.00 |
| TOTAL FEES REDUCED: | $2,706.37 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $69,685.13 | TOTAL COSTS ALLOWED: | $5,048.00 |

**TOTAL FEES AND COSTS ALLOWED: $74,733.13**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

**(4)    Insufficient Description**

The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone,* 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman,* 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

**(13)    No Benefit to the Estate**

The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A). An attorney's internal work, prior to retention, to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

An attorney is required to balance the costs of performing a service and the benefit it will yield to the estate. *See Matter of Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995). The court denies fees for services rendered after it should have become apparent to the attorney that the services would not have yielded a net benefit for the estate. *Id.*

Dated: March 19, 2014

Eugene R. Wedoff
United States Bankruptcy Judge

Printed: 02/19/14 08:46 AM

# Time Sheet Report

Trustee: DEBORAH K. EBNER (330480)
Period: 01/01/00 - 02/19/14

Page: 1

| Case No: | 13-14126 | Case Name: | NANOINK, INC. | | Petition Date: | 04/04/13 | |
|---|---|---|---|---|---|---|---|
| Case Type: | Assets | Judge: | EUGENE R. WEDOFF | | 341a Meeting: | 05/29/13 | 01:00PM |

| Category | Staff Name | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| FEE \ EMPLOYMENT APPLICATIONS | Deborah K. Ebner, Attorney for Trustee | 06/27/13 | Preparation of Co Counsel Retention Application | 1.50 | 395.000 | 592.50 |
| | | 06/29/13 | brief overview of set up of fee application of Tony S. (IT) | 0.20 | 395.000 | 79.00 |
| | | 07/19/13 | development of Tony (IT) Fee Application and preliminary discussions with him re: set up | 0.30 | 395.000 | 118.50 |
| | | 07/22/13 | memo to LK re: template preparation for TS and others for presentation at one time | 0.20 | 395.000 | 79.00 |
| | | 07/24/13 | Court appearance for retention of co-counsel and briefly confirm that UST remains supportive. Order approved | 0.30 | 395.000 | 118.50 |
| | | 08/16/13 | first draft Trustee fee appplication | 0.60 | 395.000 | 237.00 |
| | | 08/19/13 | coordinate professional fee applications | 0.30 | 395.000 | 118.50 |
| | | 08/21/13 | final draft of Trustee fee application, notice and Order | 0.70 | 395.000 | 276.50 |
| | | 09/19/13 | prepare amended Statutory interim fee application per ct direction | 0.80 | 395.000 | 316.00 |
| | | 01/06/14 | work on interim fee application | 3.00 | 395.000 | 1,185.00 |
| | | 01/08/14 | work on interim fee application | 3.00 | 395.000 | 1,185.00 |
| | | 01/08/14 | completion of first draft interim fee request + exhibits + order | 2.00 | 395.000 | 790.00 |
| | | 01/14/14 | edits to fee application (Ebner) | 0.30 | 395.000 | 118.50 |
| | | 01/14/14 | tc with accountant re: interim compensation request | 0.20 | 395.000 | 79.00 |
| | | 01/16/14 | edits to Ebner Law Fee application | 0.50 | 395.000 | 197.50 |
| | | 01/16/14 | final work on Tony interim fee application | 0.60 | 395.000 | 237.00 |
| | | 01/29/14 | Preparation of consolidated notice of all claims for admin. | 0.50 | 395.000 | 197.50 |
| | | 02/18/14 | final edits to all comp applications going out tomorrow | 3.60 | 395.000 | 0.00 |
| | | | | 18.60 | | $5,925.00 |
| | Dennis Quaid | 08/12/13 | Revise application of Anthony Scandora, agent of the estate to maintain the IP information room, for compensation for his services | 0.60 | 425.000 | 255.00 |
| | Linda Kujaca | 07/03/13 | Review, revise and execute affidavit for employment and have notarized. | 0.10 | 315.000 | 31.50 |
| | | 07/21/13 | Review A. Scandora billing info and employment application [.2]; | 0.20 | 315.000 | 63.00 |
| | | 07/22/13 | Draft Scandora fee application [.9]; review Scandora's requested changes [.1] | 1.00 | 315.000 | 315.00 |
| | | 08/13/13 | Disc. w/ DQ on Scandora fee app draft. | 0.10 | 315.000 | 31.50 |
| | | 08/13/13 | Review Scandora time sheets | 0.20 | 315.000 | 63.00 |
| | | 08/14/13 | Email to T. Scandora re updated numbers needed for fee app. | 0.20 | 315.000 | 63.00 |
| | | 08/16/13 | Emails with Trustee on Scandora fee app revisions needed to make group notice. | 0.20 | 315.000 | 63.00 |

EXHIBIT B

Printed: 02/19/14 08:46 AM

# Time Sheet Report

**Trustee: DEBORAH K. EBNER (330480)**
**Period: 01/01/00 - 02/19/14**

Page: 2

| Case No: | 13-14126 | Case Name: NANOINK, INC. | Petition Date: 04/04/13 | |
|---|---|---|---|---|
| Case Type: | Assets | Judge: EUGENE R. WEDOFF | 341a Meeting: 05/29/13 01:00PM | |

| Category | Staff Name | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| FEE \ EMPLOYMENT APPLICATIONS | Linda Kujaca | 08/19/13 | Revisions to Scandora fee app based on recent billing and DQ changes and draft order on same. [.7]. Emails with DQ and DKE on same and filed motion for service [.2] | 0.90 | 315.000 | 283.50 |
| | | 08/20/13 | Disc. w/ DKE and DQ on service issues for Scandora fee app. | 0.20 | 315.000 | 63.00 |
| | | 09/09/13 | Draft and file amended certificate of service on Scandora fee appl | 0.40 | 315.000 | 126.00 |
| | | | | 3.50 | | $1,102.50 |
| **Subtotal for Category: FEE \ EMPLOYMENT APPLICATIONS** | | | | 22.70 | | $7,282.50 |
| **Total for Case: 13-14126** | | | | 22.70 | | $7,282.50 |
| **Total for Trustee: DEBORAH K. EBNER** | | | | 22.70 | | $7,282.50 |
| **Grand Total:** | | | | 22.70 | | $7,282.50 |

*Handwritten annotations:*

$1,263 (amt charged for Scan. fee app)

$9,712.50 (amt charged for Scan. services)

$1,263 — $485.63 = $777.37 (deduction)

$9,712.50 × .05 = $485.63 (max. allowable)

13% ②

—$777.37

Printed: 02/17/14 01:34 PM

# Time Sheet Report

**Trustee: DEBORAH K. EBNER (330480)**
**Period: 01/01/00 - 02/17/14**

Page: 1

| Case No: | 13-14126 | Case Name: NANOINK, INC. | Petition Date: 04/04/13 |
| --- | --- | --- | --- |
| Case Type: | Assets | Judge: EUGENE R. WEDOFF | 341a Meeting: 05/29/13 01:00PM |

| Category | Staff Name | Date | Description | Hours | Rate | Total |
| --- | --- | --- | --- | --- | --- | --- |
| CLAIMS ADMINISTRATION | Deborah K. Ebner, Attorney for Trustee | 06/29/13 | Memo to staff re: recategorization of wage claims accurately per statute; and outline. | 0.50 | 395.000 | 197.50 |
| | | 06/30/13 | edit memo on claims objection issues (wage/employee/commission based and taxes and employee pension contribution issues) | 0.70 | 395.000 | 276.50 |
| | | 08/16/13 | review Campbell lease to attempt to unwind admin claim vs rejection claim and resolve dispute | 0.80 | 395.000 | 316.00 |
| | | 08/27/13 | review text and provide additional edits and suggestion | 0.40 | 395.000 | 158.00 |
| | | 08/27/13 | call with Ben re; procedure for schedule development (.2) ; thereafter call with Dennis re: same issues and how to deal with in the schedule preparation. (.2) | 0.40 | 395.000 | 158.00 |
| | | 08/27/13 | tc with Dennis and Ben re: claims objections protocol and specifics for basis | 0.20 | 395.000 | 79.00 |
| | | 08/28/13 | work on bonus issue | 0.30 | 395.000 | 118.50 |
| | | 08/29/13 | final edits to objections | 0.40 | 395.000 | 158.00 |
| | | 09/16/13 | analysis of paid in capital issue for franchise tax assessment and determination of claim with Lois. She will try to finalize tomorrow. | 0.40 | 395.000 | 158.00 |
| | | 09/30/13 | review request for admin claim filed by Brian Shaw, and compare to his chart in his proof of claim. No substantion for claim. | 0.60 | 395.000 | 237.00 |
| | | 10/01/13 | calls to Brian to understand his pleading and request | 0.20 | 395.000 | 79.00 |
| | | 10/01/13 | preliminary review of Northwestern's basis for admin claim forwarded by Brian | 0.20 | 395.000 | 79.00 |
| | | 10/02/13 | detailed review of Northwestern's admin claim backup and cross reference to the IP that Northwestern has been asserting as abandoned, and e-mail letter back to Brian re: task problems due to different inventory methods. TM to Brian not to be put of reccord | 1.10 | 395.000 | 434.50 |
| | | 10/02/13 | review Brian Shaw e-mail re: that it doesn't matter that Northwestern said that the IP was abandoned | 0.10 | 395.000 | 39.50 |
| | | 10/07/13 | call back to Brian Shaw to see if they have instructed their client to align inventory numbers so that I can see what is being requested | 0.10 | 395.000 | 39.50 |
| | | 10/08/13 | prepare for claims objections tomorrow | 1.10 | 395.000 | 434.50 |
| | | 10/08/13 | edit claim objections to be filed | 0.40 | 395.000 | 158.00 |
| | | 10/09/13 | ct appearance on objections to claims | 1.00 | 395.000 | 395.00 |
| | | 10/09/13 | Prepare 5 new Orders per hearing result this morning | 1.00 | 395.000 | 395.00 |
| | | 10/11/13 | exchanges with Brian Shaw re: claim of NW against estate; and back up | 0.10 | 395.000 | 39.50 |
| | | 10/11/13 | calls and e-mails to Brian Shaw and David Doyle re: their motion up on Tuesday. Request to call chambers and continue it since nothing yet resolved. | 0.20 | 395.000 | 79.00 |
| | | 10/15/13 | ct appearance on Motion of Northwestern to compel admin expense. (I had | 0.80 | 395.000 | 316.00 |

EXHIBIT C

Printed: 02/19/14 12:59 PM

# Time Sheet Report

**Trustee: DEBORAH K. EBNER (330480)**
**Period: 01/01/00 - 02/19/14**

Page: 1

| Case No: | 13-14126 | Case Name: NANOINK, INC. | Petition Date: 04/04/13 |
|---|---|---|---|
| Case Type: | Assets | Judge: EUGENE R. WEDOFF | 341a Meeting: 05/29/13   01:00PM |

| Category | Staff Name | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| 363 Sales | Deborah K. Ebner, Attorney for Trustee | 07/18/13 | commence outlining proposal for assets sale (IP) on time sensitive basis per meeting and discussions thru today | 0.60 | 395.000 | 237.00 |
| | | 01/06/14 | review reply - prep for hearing tomorrow | 1.00 | 395.000 | 395.00 |
| | | 01/22/14 | conference with David Golan to resolve dispute in Sale Order to inventor of NanoGuardian Patents | 0.30 | 395.000 | 118.50 |
| | | 02/13/14 | edits to sale motion | 0.30 | 395.000 | 118.50 |
| | | 02/18/14 | receipt and review of Georgia Tech. Licensing letter and dictatioon of status to purchaser per APA requirements. | 0.40 | 395.000 | 158.00 |
| | | 02/19/14 | (est) court appearance on MT Set hearing on sale | 1.00 | 395.000 | 395.00 |
| | | | | 3.60 | | $1,422.00 |
| | Dennis Quaid | 07/18/13 | Discussion with trustee to plan the terms of the pleadings to offer for sale the intellectual property rights of the estate for the second time in a manner to be successful and the necessary allegations to be contained in such pleadings | 0.20 | 425.000 | 85.00 |
| | | 07/19/13 | Correspondence to co-counsel Faye Feinstein Commence work on (second) motion to sell the intellectual property. | 0.10 | 425.000 | 42.50 |
| | | 07/19/13 | Additional work on motion to sell assets including intellectual assets | 0.30 | 425.000 | 127.50 |
| | | 07/23/13 | Receive from Scott Schreiber, counsel for The Maynard Group, a draft agreement to market the intellectual property rights of the estate on behalf of the trustee, noting the deficiencies of same and additions required to the draft agreement regarding no compensation if there are no sales, the time for marketing, the deletion of the representation that the trustee holds marketable title, the deletion of the representation that there are no restrictions on the intellectual property and other business issues | 0.60 | 425.000 | 255.00 |
| | | 07/23/13 | Correspondence to attorney Scott Schreiber for The Maynard Group directing changes to the draft marketing agreement regarding compensation to the agent, deletion of representations and other business issues | 0.30 | 425.000 | 127.50 |
| | | 07/24/13 | Teleconference with attorney David Schoenherr, partner of Scott Schreiber, for The Maynard Group, to negotiate changes to the marketing agreement including limitation on marketing expenses reimbursable to agent if a new group takes over, no compensation if no sales, deletion of representations, right to disclose the agreement in connection with court approval not with standing the no disclosure paragraph, coinciding the two concurrent time periods stated in the agreement and meeting the deadline of court approval by August 1, 2013, which conference is joined by Scott Schreiber near the end of | 0.40 | 425.000 | 170.00 |

EXHIBIT D

395.00 – 395.
395.00
— 395.00

Printed: 02/17/14 02:37 PM                                                                        Page: 1

# Time Sheet Report
### Trustee: DEBORAH K. EBNER (3304800)
### Period: 01/01/00 - 02/17/14

| Case No: | 13-14126 | Case Name: | NANOINK, INC. | | Petition Date: | 04/04/13 |
|---|---|---|---|---|---|---|
| Case Type: | Assets | Judge: | EUGENE R. WEDOFF | | 341a Meeting: | 05/29/13 01:00PM |

| Category | Staff Name | | | | | |
|---|---|---|---|---|---|---|
| LITIGATION | Amy Hiljawi | | | | | |

| | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| | 02/10/14 | Review preference analysis (.4), p/c w/ L West re same (.2), draft motion for settlement procedures (2.0), review correspondence from preference creditors (.3) | 2.90 | 380.000 | 1,102.00 |
| | 02/11/14 | p/c w/DE & DQ re: pref. analysis and settlement parameters (.5); p/c w/ DQ re: responses to demand letters (.2); correspondence re: same (.1); revise procedures motion and order (.5) | 1.30 | 380.000 | 494.00 |
| | 02/12/14 | Research re 9019(b) (~~2.1~~ .8 ~~2.40~~), correspondence re same (.3) | ~~6.60~~ 2.40 | 380.000 | ~~$2,508.00~~ 912.00 (13) |

| | Staff Name | | | | | |
|---|---|---|---|---|---|---|
| | Deborah K. Ebner, Attorney for Trustee | | | | | |

| | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| | 09/04/13 | review and edit of modification motion | 0.50 | 395.000 | 197.50 |
| | 10/08/13 | review and analysis of potential preference actions and refine list of potential defendants to 57, eliminating those with probably ordinary course defenses (2) ; thereafter discussion with DQ re: set up of protocol motion to give Trustee authority to settle for certain amounts(.3); discussion with DQ re: claim objection formula for court tomorrow. (.3) | 2.60 | 395.000 | 1,027.00 |
| | 10/18/13 | meet with accountant and commence ordinary course analysis | 1.50 | 395.000 | 592.50 |
| | 01/09/14 | edit conclusin in demand letters since protocol motion not yet of record | 1.00 | 395.000 | 395.00 |
| | 01/09/14 | review, Phoenix settlement offer and respond | 0.20 | 395.000 | 79.00 |
| | 01/10/14 | extension of settlement offer of release of claims and abandonment of property to creditor and entry into agreed order | 0.20 | 395.000 | 79.00 |
| | 01/13/14 | review additional changes made by creditor counsel on stay lift order prior to tender, compare with original relief sought in motion and approve | 0.20 | 395.000 | 79.00 |
| | 01/20/14 | tc w/ Ted at DJW - re: estate claim against DJW, discussion of preference law, explananation of hte facts obtained thru diligence of hte estate and estate position of likly outcomes if litigation ensures. HE will call back within the thirty day period. | 0.20 | 395.000 | 79.00 |
| | 01/30/14 | review and respond to Fisher Scientific new value defense. | 0.10 | 395.000 | 39.50 |
| | 01/30/14 | review correspondence from Nano Motion re: preference demand response detail. | 0.20 | 395.000 | 79.00 |
| | 01/31/14 | tc with Mr. Feinstein, President of NanoMotion re: contentsn of his response dated1/23/2014. During hte course of converation he stated that he is retaining an atty in Chicago at which point I ended the conversation and advised that I would look for a call. | 0.20 | 395.000 | 79.00 |
| | 02/05/14 | preliminary conversation about Trustee claim against NanoMotion w/ John | 0.20 | | 0.00 |

EXHIBIT E

$608.00

Printed: 02/17/14 02:37 PM                                                                                                    Page: 3

# Time Sheet Report
### Trustee: DEBORAH K. EBNER (330480)
### Period: 01/01/00 - 02/17/14

| Case No: | 13-14126 | Case Name: | NANOINK, INC. | Petition Date: | 04/04/13 |
|---|---|---|---|---|---|
| Case Type: | Assets | Judge: | EUGENE R. WEDOFF | 341a Meeting: | 05/29/13  01:00PM |

| Category | Staff Name | | | | |
|---|---|---|---|---|---|
| LITIGATION | Dennis Quaid | | | | |

| Date | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 11/11/13 | Teleconference with Tony Scandora, the estate's computer expert, directing him to extract specific documents from the IT system of the Debtor to be used in the preference analysis of payments made to creditors. | 0.30 | 425.000 | 127.50 |
| 11/11/13 | Correspondence to trustee | 0.20 | 425.000 | 85.00 |
| 11/12/13 | Teleconference with Tony Scandora re: AP reports | 0.10 | 425.000 | 42.50 |
| 11/13/13 | Teleconference with Tony re: AP reports | 0.20 | 425.000 | 85.00 |
| 11/13/13 | Correspondence to trustee | 0.10 | 425.000 | 42.50 |
| 11/13/13 | Conference call with Trustee and Tony Scandora regarding Accounts Payable records of the IT system of the debtor | 0.30 | 425.000 | 127.50 |
| 11/13/13 | Teleconference with Ben Pothast | 0.20 | 425.000 | 85.00 |
| 11/13/13 | Teleconference with Gus Paloian, attorney for the Debtor, to seek his records regarding avoidance actions as described in the Statement of Financial Affairs, being referred this associate, Brett Harper | 0.10 | 425.000 | 42.50 |
| 11/13/13 | Correspondence to Gus Paloian confirming request for supporting documents regarding avoidance actions | 0.10 | 425.000 | 42.50 |
| 11/14/13 | review correspondence from Gus Paloian describing in general the documents available re avoidance actions | 0.10 | 425.000 | 42.50 |
| 11/14/13 | Correspondence to Amy Hijjawi, associate, describing the analysis needed when we received the documents evidencing the avoidance actions | 0.20 | 425.000 | 85.00 |
| 11/14/13 | Receive from Bret Harper and review the lists of payments made to creditors within 90 days of the bankruptcy petition as a starting point for the analysis of preference actions | 0.80 | 425.000 | 340.00 |
| 11/15/13 | Analyze the Debtor's charts regarding payments made to the creditors within 90 days and determine how much of claims is still owed to each such creditor | 0.50 | 425.000 | 212.50 |
| 11/15/13 | Analyze the correspondence from attorney Daniel Ark, one of the IP attorneys, evaluating the defense to the Northwestern attorney fee claim | 0.10 | 425.000 | 42.50 |
| 11/15/13 | Correspondence to Trustee recommending a resolution of the Northwestern attorney fee dispute based on the recommendation of IP attorney Daniel Ark | 0.20 | 425.000 | 85.00 |
| 11/15/13 | Correspondence to Tony Scandora re: AP documents | 0.20 | 425.000 | 85.00 |
| 11/18/13 | Extended teleconference with trustee to plan the steps necessary for the preference analysis of payments made to creditors within 90 days prior to the bankruptcy filing | 0.40 | 425.000 | 170.00 |
| 11/19/13 | Review correspondence of attorney Scott Kenig for Phoenix International | 0.20 | 425.000 | 85.00 |

212.50

Printed: 02/17/14 02:37 PM

Page: 5

# Time Sheet Report
Trustee: DEBORAH K. EBNER (330480)
Period: 01/01/00 - 02/17/14

| Case No: | 13-14126 |
|---|---|
| Case Name: | NANOINK, INC. |
| Case Type: | Assets |
| Judge: | EUGENE R. WEDOFF |

Petition Date: 04/04/13
341a Meeting: 05/29/13   01:00PM

| Category | Staff Name | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| LITIGATION | Dennis Quaid | 11/26/13 | Further work on the preference analysis, in answering his 12 questions how to handle other situations, | 0.60 | 425.000 | 255.00 ④ |
| | | 11/26/13 | Teleconference with Tony Scandora | 0.10 | 425.000 | 42.50 —42.50 |
| | | 11/26/13 | Review correspondence between the outside IT expert and Tony Scandora | 0.10 | 425.000 | 42.50 |
| | | 11/26/13 | Correspondence to the Trustee | 0.10 | 425.000 | 42.50 —42.50 |
| | | 11/26/13 | Correspondence to Ben Pothast | 0.20 | 425.000 | 85.00 —85.00 ④ |
| | | 11/26/13 | Correspondence to trustee summarizing the problem between Phoenix International and the purchaser of equipment from the trustee which may create an administrative expense for the estate | 0.20 | 425.000 | 85.00 |
| | | 11/27/13 | Review correspondence of Ben Pothast regarding Accounts Payable records | 0.10 | 425.000 | 42.50 |
| | | 11/27/13 | Correspondence to Trustee regarding corporate files | 0.10 | 425.000 | 42.50 |
| | | 11/27/13 | Receive and review correspondence from attorney Scott Kenig for Phoenix International with the briefing schedule for his motion for relief | 0.10 | 425.000 | 42.50 |
| | | 11/27/13 | Correspondence to attorney Scott Kenig for Phoenix International, to Trustee and attorney Schreiber for purchaser, acknowledging briefing schedule and advising those other parties of the briefing schedule | 0.10 | 425.000 | 42.50 |
| | | 11/27/13 | Correspondence to Ben Pothast | 0.10 | 425.000 | 42.50 —42.50 |
| | | 12/03/13 | Teleconference with Tony Scandora | 0.20 | 425.000 | 85.00 —85.00 ④ |
| | | 12/03/13 | Memorandum to trustee answering her inquiries | 0.10 | 425.000 | 42.50 |
| | | 12/03/13 | Memorandum to trustee responding to her request for an estimate of the timing of preparation and mailing of demand letters relating to the avoidance actions | 0.10 | 425.000 | 42.50 |
| | | 12/06/13 | Teleconference with Tony Scandora | 0.10 | 425.000 | 42.50 —42.50 |
| | | 12/06/13 | Conference call with Tony Scandora and the trustee | 0.40 | 425.000 | 170.00 —170.00 ④ |
| | | 12/10/13 | Correspondence to Tony Scandora | 0.10 | 425.000 | 42.50 —42.50 |
| | | 12/10/13 | Review responsive correspondence from Tony Scandora | 0.10 | 425.000 | 42.50 —42.50 ④ |
| | | 12/11/13 | Commence analysis of the avoidance actions of creditors on the statement of account provided by Tony Scandora to test the accuracy of the information contained therein | 0.70 | 425.000 | 297.50 |
| | | 12/11/13 | Conference with trustee regarding procedures for authenticating the information in the statement of account provided by Tony Scandora regarding the avoidance actions | 0.10 | 425.000 | 42.50 |
| | | 12/17/13 | Review correspondence of Lois West reporting a postpetition withdrawal from the Debtor's bank account of $168,000 and the need to investigate same | 0.10 | 425.000 | 42.50 |
| | | 12/17/13 | Correspondence to Ben Pothast asking for it any information which he has | 0.20 | 425.000 | 85.00 |

Handwritten annotations:
- $2,391.50 (requested amt.)
- 2,706.37 (total deductions)
- = $69,685.13
- $515.00