**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| **NANOINK, INC.,** | ) | Case No. 13-14126 |
| | ) | |
| Debtor. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: September 3, 2014** |
| | ) | **Hearing Time: 9:30 a.m.** |

## NOTICE OF MOTION

Please take notice that on **Wednesday, September 3, 2014, at 9:30 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff, Room 744, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached *Second Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses for Quarles & Brady LLP, Attorneys for Deborah K. Ebner, Trustee*, at which time and place you may appear as you see fit.

Dated: August 6, 2014

QUARLES & BRADY LLP
Attorneys for Deborah K. Ebner, not individually, but as Chapter 7 Trustee of NanoInk, Inc.

By: /s/ Faye B. Feinstein
One of her attorneys

Faye B. Feinstein
Sarah K. Baker
**QUARLES & BRADY LLP**
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000

## CERTIFICATE OF SERVICE

I, Faye B. Feinstein, an attorney, hereby certify that, on August 6, 2014, I filed, via the Court's CM/ECF System, the following papers:

Cover Sheet for Second Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses for Quarles & Brady LLP, Attorneys for Deborah K. Ebner, Trustee; and

Second Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses for Quarles & Brady LLP, Attorneys for Deborah K. Ebner, Trustee.

The foregoing were served on August 6, 2014, via the Court's CM/ECF System, upon the parties listed below, to whom the System automatically delivered an electronic copy of the foregoing at the following electronic mail addresses:

- David R Doyle ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Deborah K Ebner dkebner@deborahebnerlaw.com, sbutz@deborahebnerlaw.com;webmaster@debnertrustee.com;lizd@deborahebnerlaw.com
- Gregory M Gartland ggartland@winston.com
- Bret Harper bharper@seyfarth.com, chidocket@seyfarth.com
- Deborah Kanner Ebner dkebner@debnertrustee.com, IL53@ecfcbis.com;webmaster@debnertrustee.com;DKEbner@debnertrustee.com;sbutz@deborahebnerlaw.com;admin.assistant@debnertrustee.com
- Scott H. Kenig skenig@randall-law.com
- Linda M Kujaca lkujaca@aol.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- David J Letvin davidletvin@aol.com
- Gus A Paloian gpaloian@seyfarth.com, jmcmanus@seyfarth.com
- Mark L Radtke mradtke@shawfishman.com, bharrington@shawfishman.com
- Patrick F Ross pfross@uhlaw.com, kburde@uhlaw.com;rjanczak@uhlaw.com;sbmiller@uhlaw.com;jtruskusky@uhlaw.com
- Scott N. Schreiber sschreiber@clarkhill.com, jwoyan@clarkhill.com
- Jeffrey M Schwartz jschwartz@muchshelist.com, nsulak@muchshelist.com
- Brian L Shaw bshaw100@shawfishman.com, bharrington@shawfishman.com
- Nancy A. Temple ntemple@kattentemple.com, acorona@kattentemple.com

DATED:  August 6, 2014                    QUARLES & BRADY LLP


                                By:   ___/s/  Faye B. Feinstein_____
                                      Faye B. Feinstein
                                      300 North LaSalle Street, Suite 4000
                                      Chicago, IL 60654

QB\25492876.5

Telephone: (312) 715-5000
Facsimile:  (312) 715-5155

QB\25492876.5

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| **NANOINK, INC.,** | ) | Case No. 13-14126 |
| | ) | |
| Debtor. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: September 3, 2014** |
| | ) | **Hearing Time: 9:30 a.m.** |

**SECOND INTERIM AND FINAL APPLICATION FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR QUARLES &**
**BRADY LLP, ATTORNEYS FOR DEBORAH K. EBNER, TRUSTEE**

Quarles & Brady LLP ("**Q&B**"), attorneys for the chapter 7 trustee, Deborah K. Ebner ("**Trustee**"), pursuant to 11 U.S.C. § 331, hereby submits this Second Interim and Final Fee Application for Allowance of Compensation and Reimbursement of Expenses for Quarles & Brady LLP, Attorneys For Deborah K. Ebner, Trustee (the "**Final Application**"). Q&B requests that this Court enter an order (a) making the prior interim award of $273,073.44 a final award, (b) approving payment of $52,008, representing the twenty percent (20%) holdback (the "**Holdback**") arising in connection with the *First Interim Application for Allowance of Compensation and Reimbursement of Expenses for Quarles & Brady LLP, Attorneys For Deborah K. Ebner, Trustee for the Bankruptcy Estate of NanoInk, Inc.* (the "**First Application**") (Docket No. 124), and (c) granting additional compensation to Q&B in the amount of $116,284.50 for 316.8 hours of legal services rendered to Trustee,[1] plus reimbursement of actual and necessary costs in the amount of $4,445.77 incurred during the period July 1, 2013 through the date of the hearing on this Final Application (the "**Final Application Period**"). In support of this Final Application, Q&B states:

## COMMENCEMENT OF PROCEEDING

1.      On April 4, 2013 ("**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "**Bankruptcy Code**"), and Deborah Kanner Ebner was appointed Trustee.

2.      The section 341(a) meeting of creditors was held on May 29, 2013.

3.      According to information provided to Trustee, Debtor was a technology company specializing in nanometer-scale manufacturing and applications development for the life sciences, engineering, pharmaceutical, and education industries.

4.      On April 17, 2013, this Court entered an Order granting the application to employ Q&B retroactive to April 9, 2013.

5.      On September 18, 2013, this Court entered its Order granting the First Application (the "**Compensation Order**").  As set forth in the First Application, Q&B requested allowance of $260,040.01, and payment of $208,032.01 (80% of $260,040.01) in interim compensation for 676.20 hours of services rendered, plus reimbursement of actual and necessary costs in the amount of $13,033.43 (100% of disbursements made), for the period April 9, 2013 through June 30, 2013 (the "**First Application Period**").

6.      Pursuant to the Compensation Order, Q&B received payment of compensation from the Trustee in the amount of $208,032.01, and reimbursement of 100% of the actual and necessary costs.  In connection with this Final Application, Q&B is also seeking final allowance of the compensation ($260,040.01), and reimbursement of actual and necessary costs ($13,033.43) awarded pursuant to the Compensation Order, as well as payment of the $52,008 Holdback from the First Application.

---

[1] The total hours of legal services includes 1 hour of estimated time to attend the hearing on this Final Application.

QB\25492876.5

7.      Q&B is requesting final allowance and payment of $116,284.50 for 316.8 hours of legal services rendered to Trustee during the Final Application Period, plus reimbursement of actual and necessary costs incurred on behalf of the Trustee in the amount of $4,445.77.

8.      All professional services for which compensation is requested herein were performed by Q&B on behalf of the Trustee, and not for or on behalf of any creditor or any other person.

## NATURE OF LEGAL SERVICES PERFORMED BY QUARLES & BRADY LLP

9.      Q&B has served as general bankruptcy counsel for the Trustee at all times in these proceedings.  Q&B has devoted its time to legal matters in this case, including the following:

### A. EMPLOYMENT OF PROFESSIONAL PERSONS (Q&B Matter 00002)

10.      During the First Application Period, Q&B drafted motions and orders, and obtained court approval to retain all of the Trustee's professionals, including the retention applications of: (i) Q&B as the Trustee's general counsel; (ii) Lois West of Popowcer Katten, Ltd. as the Trustee's accountant; (iii) Anthony Scandora of AES Systems Corp. as the Trustee's information technology consultant; (iv) Harvey Bendix and HBendix Auctioneers as the Trustee's auctioneers and sales consultant for the estate's California assets; and (v) Moglia Advisors as the Trustee's sales advisors.

11.      During the Final Application Period, Q&B drafted the First Interim Application, prepared a notice of hearing on all of Trustee's professionals' fee applications, attended the court hearing with respect to the First Interim Application, and prepared this Final Application.

12.      During the Final Application Period, Q&B incurred fees of approximately $21,000 with respect to preparation of, and attendance at the hearings on, the First Application

3

and Final Application. Q&B has agreed to provide an accommodation to the Trustee and reduce its fees for this matter to $16,577.00 for 43.6 hours of legal services provided to (i) prepare and attend the hearing on the First Interim Application, and (ii) prepare this Final Fee Application. This amount also includes 1 hour of estimated time to attend the hearing on this Final Application, and constitutes approximately 4% of the total fees requested in both the First Interim Application ($260,040.01) and this Final Application ($116,284.50).

13.    Attached to this Final Application as **Exhibit A(1)** is an itemized statement of the services performed by Q&B during the Final Application Period.[2] The tables set forth below, and for each matter category described in this Final Application, are a listing of the professionals who billed time to each matter category during the Final Application Period, those professionals' hourly rates, and the aggregate amount billed to the matter category by each professional. Q&B implemented an increase in its professionals' hourly rates as of October 1, 2013. To accurately reflect the effect of the rate increase, Q&B has provided two tables for each matter category. The first table lists the above-referenced information for those professionals who billed time to each matter category before October 1, 2013. The second table lists the information for professionals who billed time to each matter category on and after October 1, 2013.

| July 1, 2013 through September 30, 2013 | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Faye B. Feinstein | 2.5 | $615.00 | $1,537.50 |
| Sarah K. Baker | 24.6 | $345.00 | $8,487.00 |
| **Total:** | **27.1** | | **$10,024.50** |

---

[2]    Each of the Exhibits attached hereto contain an itemized statement of the services performed by Q&B during the Application Period in the subject matter category, setting forth (a) a detailed description of services rendered, on a daily basis, by each timekeeper employed by Q&B who performed services for Trustee during the Application Period, with the hours spent on such services by each such timekeeper, and (b) the total number of hours devoted by each timekeeper to performing services for the Trustee in the subject matter category, and the aggregate value of such services performed during the Application Period in each category, both by timekeeper and in the aggregate for the category. Each Exhibit was prepared from the time sheets and computer records regularly kept by Q&B, its attorneys, paraprofessionals, and other timekeepers.

QB\25492876.5

| October 1, 2013 through Current | | | | |
|---|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** | |
| Faye B. Feinstein | 2.0 | $630.00 | | $1,260.00 |
| Sarah K. Baker | 14.5 | $365.00 | | $5,292.50 |
| **Total:** | **16.5** | | | **$6,552.50** |
| | | | | |
| **Grant Total:** | **43.6** | | | **$16,577.00** |

### B. CLAIMS (Q&B Matter 00003)

14.     During the Final Application Period, Q&B continued to respond to requests from various creditors about (i) filing proofs of claim against the Debtor's estate, (ii) objections to proofs of claims filed by Trustee, and (iii) receiving payment from Debtor's estate in connection with administrative expense requests.

15.     Q&B expended 1.0 hour for which it requests compensation of $349.00.   The itemized statement of services performed by Q&B for this matter category is attached to this Application as **Exhibit A(2)**.

| July 1, 2013 through September 30, 2013 | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Sarah K. Baker | .8 | $345 | $276.00 |
| **Total:** | **.8** | | **$276.00** |

| October 1, 2013 through Current | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Sarah K. Baker | .2 | $365 | $73.00 |
| **Total:** | **.2** | | **$73.00** |
| | | | |
| **Grand Total:** | **1.0** | | **$349.00** |

### C. ASSETS (Q&B Matter 00004)

16.     Debtor's Assets (as defined herein) consisted largely of intellectual property rights, including patents, patent applications and license agreements.   Debtor's patent portfolio

consisted of over 440 patents and patent applications, including both owned and licensed properties. The portfolio included 60 U.S. patents, 74 U.S. patent applications, 97 foreign patents, and 230 foreign patent applications (collectively, the "**IP Assets**").

17.   The Debtor also owned and leased miscellaneous equipment and other non-intellectual property assets (collectively, the "**Non-IP Assets**" and together with the IP Assets, the "**Assets**"), which were located in: Skokie, Illinois; Greenwood, South Carolina; Campbell, California; Ackley, New Jersey; and Puerto Rico.

18.   The services performed by Q&B in this category during the Final Application Period generally pertained to (i) finalizing the sale of Debtor's Non-IP Assets, and (ii) reviewing, analyzing, and taking steps to protect the estate's interests in the Debtor's IP Assets.

**(I).   The Asset Sales.**

19.   Since the Petition Date, the Trustee has conducted two separate processes designed to sell substantially all of the Debtor's Assets. The first process involved the sale of all of the Debtor's Non-IP Assets located in its Campbell, California facility (the "**CA Asset Sale**"). The second process involved the auction and sale of substantially all of the remaining Assets of the Debtor's estate (the "**Main Asset Sale**").

**(A) The CA Asset Sale.**

20.   The Trustee received a number of inquiries and bids to purchase the Debtor's Campbell, California Non-IP Assets. The Trustee engaged in negotiations with various parties and selected a bid submitted by PPL Group LLC and Ettin Group (**"PPL Ettin"**) as the highest or otherwise best offer for the Campbell, California Non-IP Assets. Q&B reviewed the bids and advised the Trustee with respect to her selection of PPL Ettin as the highest or otherwise best offer for the California Non-IP Assets.

21.     On May 9, 2013, the Trustee filed her Motion for Order (A) Authorizing the Sale of the Debtor's Assets Located at its Campbell, California Facility Free and Clear of Liens, Claims, Encumbrances and Interests, and (B) Shortening and Limiting Notice (the **"CA Sale Motion"**) (Docket No. 43).   Therein, the Trustee sought authority to sell the Campbell, California Non-IP Assets to PPL Ettin for $192,000.

22.     After the CA Sale Motion was filed, the Trustee continued to receive competitive bids to purchase the Campbell, California Non-IP Assets.   On May 23, 2013, the Trustee held an auction, and PPL Ettin emerged as the successful bidder for the Campbell, California Non-IP Assets.   During the auction, PPL Ettin increased its bid to purchase the Campbell, California Non-IP Assets to the aggregate sum of $265,000.   On May 23, 2013, the Court entered its order approving the CA Asset Sale.

23.     During the First Application Period, Q&B (i) drafted the CA Sale Motion and proposed order thereon, (ii) advised the Trustee with respect to her negotiations with potential bidders, (iii) advised the Trustee during the auction process and selection of the winning bidder, and (iv) attended the hearing to approve the CA Asset Sale to PPL Ettin.

**(B) Main Asset Sale**

24.     Prior to the Petition Date, the Debtor was comprised of three distinct business lines that could be sold as separate operations.   They were the NanoGuardian, Photo Mask Repair, and the core Dip Pen Nanolithography Technology businesses.

25.     Based on pre-petition marketing of the Debtor's businesses, the Trustee determined that any sale of the Debtor's Assets should be marketed according to the Debtor's pre-petition business lines to achieve the highest possible value for those Assets and commensurate

7

benefit to the Debtor's estate.  Any proposed sale of a business line would include the IP and Non-IP Assets that were used in that particular business.

26.     On May 7, 2013, the Trustee filed her *Motion for Entry of (A) an Order (I) Approving Proposed Sale Procedures; (II) Scheduling an Auction and a Subsequent Sale Hearing in Connection with the Sale of Certain of Debtor's Assets Pursuant to 11 U.S.C. §§105(a) and 363, and (III) Granting Related Relief and (B) One or More Orders Approving Sale of Certain of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§105(a) and 363* (the **"Procedures Motion"**) (Docket No. 32).  As set forth therein, the Trustee sought authority to conduct an auction and sale of substantially all of the Debtor's Assets according to the pre-petition business lines.

27.     In addition to bids received to acquire one or more business lines, the Trustee received numerous bids for certain of the Debtor's Assets separate and distinct from the pre-petition business lines.  To capture the value any such sale could bring into the estate, Q&B advised the Trustee with respect to amending the Procedures Motion to include procedures for the auction and sale of IP and Non-IP Assets on a stand alone basis.

28.     On May 24, 2013, the Trustee filed her *Motion for Entry of an Order Amending Notice and Order (A) (I) Approving Proposed Sale Procedures; (II) Scheduling an Auction and a Subsequent Sale Hearing in Connection with the Sale of Certain of Debtor's Assets  Pursuant to 11 U.S.C. §§105(A) and 363, and (III) Granting Related Relief and (B) Approving Sale of Certain Of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§105(A) and 363* (the **"Amended Procedures Motion"**) (Docket No. 70).

QB\25492876.5

29.     After the Amended Procedures Motion was filed, the Trustee received a number of bids for the Debtor' Non-IP Assets.  On June 24, 2013, the Trustee held an auction among the various qualified bidders.   At the conclusion of the auction, a buying group comprised of Maynards Industries (1991) Ltd., Biditup Capital Corporation, PPL Group, LLC, Capital Recovery Group, LLC and The Ettin Group, LLC emerged as the successful bidders (the **"Buyers"**).  The Buyers offered to purchase all of the Debtor's Non-IP Assets for the aggregate amount of $925,000.

30.     During the First Application Period, Q&B advised Trustee with respect to (i) the legal issues arising in connection with, and the sales procedures to be employed for, the Main Asset Sale, (ii) drafted a form non-disclosure agreement, Procedures Motions, Amended Procedures Motion, and Asset Purchase Agreement, (iii) attended all hearings concerning the Main Asset Sale, (iv) attended the auction and counseled Trustee in her evaluation of the various bids, and (v) negotiated the sale order that was ultimately entered by the Court confirming the Main Asset Sale.

31.     During the Final Application Period, Q&B advised the Trustee with respect to the closing of the Main Asset Sale, and negotiated, on behalf of the estate, the final form of asset purchase agreement, bill of sale, and other sale documents required to close the Sale.

**(II).     The IP Assets.**

32.     During the First and Final Application Periods, Q&B advised the Trustee with respect to (i) initiating patent applications, (ii) proceeding with the prosecution of patent applications that were filed pre-petition, and (iii) obtaining issuance of patents from applications that had been approved pre-petition.  Additionally, Q&B liaised with attorneys in the

jurisdictions where certain patent applications were pending, particularly with respect to the

foreign IP Assets, to protect the estate's interests therein.

33.　　During the Final Application Period, Q&B also advised Trustee in connection

with a separate marketing and sale process for the IP Assets. Trustee retained Maynards

Industries (1991) Inc., Biditup Capital Corporation, PPL Group, LLC, Capital Recovery Group,

LLC, and The Ettin Group, LLC (collectively the **"Marketer"**), as Trustee's marketing agent for

the IP Assets. Q&B advised Trustee and the Marketer with respect to requests for information

from interested parties about the IP Assets, maintaining the estate's interests in the IP Assets

during the marketing period, and reviewing offers to purchase the IP Assets.

34.　　During the Final Application Period, Q&B expended 221.5 hours for which it

requests compensation of $82,351.00, in connection with the Assets matter category. The

itemized statement of services performed by Q&B for this matter category is attached to this

Application as **Exhibit A(3)**.

| July 1, 2013 through September 30, 2013 | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Faye B. Feinstein | 9.3 | $615.00 | $5,719.50 |
| Richard W. Young | 20.20 | $655.00 | $13,231.00 |
| Cameron E. Robinson | 2.6 | $225.00 | $585.00 |
| Daniel J. Ark | 55.8 | $280.00 | $15,624.00 |
| Sarah K. Baker | 8.1 | $345.00 | $2,794.50 |
| **Total:** | **96** | | **$37,954.00** |

| October 1, 2013 through Current | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Faye B. Feinstein | 1.7 | $630.00 | $1,071.00 |
| Richard W. Young | 14.2 | $670.00 | $9,514.00 |
| Daniel J. Ark | 103.2 | $305.00 | $31,476.00 |

| Sarah K. Baker | 6.4 | $365.00 | $2,336.00 |
|---|---|---|---|
| | | | |
| **Total:** | **125.5** | | **$44,397.00** |
| | | | |
| **Grand Total:** | **221.5** | | **$82,351.00** |

## D.  GENERAL (Q&B Matter 00005)

35.    During the Final Application Period, Q&B expended 6.5 hours in connection with general issues that do not fit easily within one of the other matter categories, including advising the Trustee with respect to utility and maintenance issues at Debtor's California facility, and requests compensation of $2,439.50.  The itemized statement of services performed by Q&B for this matter category is attached to this Application as **Exhibit A(4)**.

| July 1, 2013 through September 30, 2013 | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Faye B. Feinstein | 0.7 | $615.00 | $430.50 |
| Sarah K. Baker | 5.4 | $345.00 | $1,863.00 |
| **Total:** | **6.1** | | **$2,293.50** |
| October 1, 2013 through Current | | | |
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Sarah K. Baker | 0.4 | $365.00 | $146.00 |
| **Total:** | **0.4** | | **$146.00** |
| | | | |
| **Grand Total:** | **6.5** | | **$2,439.50** |

## E.  EXECUTORY CONTRACTS AND LEASES (Q&B Matter 00006)

36.    Since the Petition Date, Q&B has advised the Trustee on a number of issues concerning the Debtor's executory contracts and unexpired leases of non-residential real property.  During the Final Application Period, Q&B reviewed the Executory Contracts (as defined herein), and advised the Trustee with respect to the Debtor's obligations thereunder.  QB

also communicated with a number of third party licensors regarding the Debtor's bankruptcy proceeding, and preservation of the Debtor's rights under the Executory Contracts.

37.     The Debtor's IP Assets included a significant number of unexpired license agreements, equipment leases, development agreements, distribution agreements, and other miscellaneous unexpired contracts and leases (collectively, the "**Executory Contracts**").

38.     On May 3, 2013, the Trustee filed her Motion for an Order Extending Deadlines to Assume or Reject Executory Contracts and Unexpired Leases (Docket No. 26) (the "**Extension Motion**").  As set forth in the Extension Motion, the Trustee was seeking to sell substantially all of the Debtor's Assets, either as part of a global sale or through individual asset or "lot" sales.  To the extent the Trustee identified a purchaser for all or some of the Debtor's Assets, the Trustee would have needed to assume and assign certain of the Executory Contracts to the purchaser(s).  Because any such sale likely would not have closed by the deadline imposed pursuant to section 365(d)(1) of the Bankruptcy Code, June 3, 2013, the Trustee sought to extend that deadline.

39.     Northwestern University ("**Northwestern**") objected to the Extension Motion, arguing that the deadline for the Trustee to assume or reject any Executory Contracts in the Northwestern Portfolio should not be extended beyond the deadline established by section 365(d)(1).  Northwestern's objection raised complicated legal issues, including the Debtor's right to assume and assign intellectual property licenses under the Bankruptcy Code and the Bayh-Dole Act, 35 U.S.C. §§ 200 *et seq.*  The parties extensively briefed the issues raised in Northwestern's objection.

40.     The Court granted the Extension Motion, and extended the deadline to assume or reject the Executory Contracts, with the exception of those in the Northwestern Portfolio, until

October 31, 2013.  The Court extended the deadline to assume or reject any Executory Contracts in the Northwestern Portfolio until June 26, 2013.

41.    During the First Application Period, Q&B drafted the Extension Motion, researched the issues raised by Northwestern in its Objection, drafted a reply in support of the Extension Motion, and attended the hearing on same.

42.    On October 17, 2013, Trustee filed her *Second Motion to Extend Time to Assume or Reject Executory Contracts and Unexpired Leases* (the "**Second Extension Motion**") (Docket No. 180).  Therein, Trustee sought to extend the deadline to assume or reject the Executory Contracts until November 27, 2013.

43.    On October 23, 2013, the Court entered its Order granting the Second Extension Motion (Docket No. 182).

44.    Once the deadline for assuming or rejecting the estate's interest in Executory Contracts lapsed, particularly with respect to patent license agreements, Q&B drafted rejection notices as required under the various license agreements, and coordinated with the license agreement counter-parties to transition responsibility for the maintenance of the patent licenses.

45.    During the Final Application Period, Q&B expended 42.3 hours in connection with Executory Contracts and leases, and requests compensation of $14,154.50.  The itemized statement of services performed by Q&B for this matter category is attached to this Application as **Exhibit A(5)**.

| July 1, 2013 through September 30, 2013 | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Faye B. Feinstein | 0.2 | $615.00 | $123.00 |
| Richard W. Young | 1.7 | $655.00 | $1,113.50 |
| Daniel J. Ark | 6.6 | $280.00 | $1,848.00 |
| Sarah K. Baker | 4.2 | $345.00 | $1,449.00 |
| **Total:** | **12.7** | | **$4,533.50** |

QB\25492876.5

| October 1, 2013 through Current | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Richard W. Young | 1.0 | $670.00 | $670.00 |
| Daniel J. Ark | 24.8 | $305.00 | $7,564.00 |
| Sarah K. Baker | 3.8 | $365.00 | $1,387.00 |
| **Total:** | **29.6** | | **$9,621.00** |
| | | | |
| **Grand Total:** | **42.3** | | **$14,154.50** |

### F. EP/PCT - INJECTION MOLDING OF MICRON AND NANO AND SCALE FEATURES FOR PHARMACEUTICAL BRAND PROTECTION (Q&B Matter 00008)

46.    During the Final Application Period, Q&B expended 1.9 hours in connection with the filing of a new European regional phase patent application based on the EP/PCT - Injection Molding of Micron and Nano and Scale Features for Pharmaceutical Brand Protection, and requests compensation of $413.50. The itemized statement of services performed by Q&B for this matter category is attached to this Application as **Exhibit A(6)**.

| July 1, 2013 through September 30, 2013 | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Michelle L. Davis | 0.4 | $190.00 | $76.00 |
| **Total:** | **0.4** | | **$76.00** |

| October 1, 2013 through Current | | | |
|---|---|---|---|
| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| Daniel J. Ark | 0.3 | $305.00 | $91.50 |
| Michelle L. Davis | 1.2 | $205.00 | $246.00 |
| **Total:** | **1.5** | | **$337.50** |
| | | | |
| **Grand Total:** | **1.9** | | **$413.50** |

### STATEMENT OF LEGAL SERVICES AND EXPENSES

47.    Based upon the time, nature, extent, and value of the described professional services, the responsibilities assumed by Q&B herein, the results achieved, and Q&B's experience and expertise in corporate liquidations and bankruptcy law, the fair value of the

14

services rendered during the Final Application Period, based upon Q&B's customary rates in effect during the Final Application Period, is not less than $116,284.50 for 316.8 hours of actual and necessary legal services to represent the Trustee. Q&B is requesting final allowance and immediate payment of the total amount of fees requested during the Final Application Period, $116,284.50.

48.     In addition to the time expended by Q&B in its representation of the Trustee, Q&B incurred actual, necessary and reimbursable costs and expenses on behalf of the Trustee during the Q&B Final Application Period in the amount of $4,166.45, including photocopying charges ($.10 per page) and postage for the service of motions to creditors, facsimile deliveries and messenger deliveries, as well as fees advanced on behalf of the Trustee to the U.S Patent and Trademark Office to preserve the estate's interest in Debtor's IP Assets. Q&B expects to incur an additional $279.32 for photocopying and postage charges associated with the mailing of the Final Application. Q&B respectfully requests to be reimbursed $4,445.77 for these reasonable and necessary costs. Attached as **Exhibit B** is a breakdown of the costs.

49.     In addition to the fees requested herein, Q&B is requesting final allowance of the compensation ($260,040.01), and reimbursement of actual and necessary costs ($13,033.43) awarded pursuant to the Compensation Order, as well as final allowance and payment of the $52,008 Holdback from the First Application.

50.     The hourly rates charged by Q&B for services rendered to the Trustee were and are the usual and customary hourly rates charged during the Final Application Period for similar work performed for other Q&B clients. Q&B focused on using professionals with the appropriate experience and abilities to work on each matter in the case, so that, as the Exhibits to this Final Application indicate, each such matter could be staffed as leanly as possible. Attached

as **Exhibit C** are the biographies (including billing rates) of the Q&B personnel who performed services on this matter.

51.     Every attempt has been made to avoid duplication of services; when more than one attorney participated in any matter or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the division of responsibilities among counsel, the various legal disciplines required, or the need to familiarize a person with such matters so that he or she could independently perform further necessary work thereon.

## Compliance with the Code and FRBP

52.     All of the services and expenses for which compensation and reimbursement are hereby requested were rendered solely on behalf of the Trustee and not on behalf of any other entity. All such services are compensable pursuant to sections 330 and 331 of the Code.

53.     No agreement exists between Q&B and any person for the sharing of compensation received by Q&B in connection with these cases, except as allowed by Code §504(b) and FRBP 2016 with respect to sharing of compensation among members and regular associates of Q&B.

## Notice and Service

54.     This Final Application has been filed electronically, and notice thereof will be provided electronically on the date hereof, via the Court's CM/ECF System, to (a) counsel for (i) the Debtor, and (ii) the United States Trustee; and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System. Further, Q&B will serve a Notice of Hearing on the Final Application via first-class U.S. Mail, postage prepaid upon all entities listed on the creditor matrix maintained by the Court.

55.     Q&B asks the Court to find that such notice is sufficient and to approve the same under Fed. R. Bankr. P. 2002 and 9007.

**WHEREFORE**, Q&B requests the entry of an order:

A.     Allowing Q&B final compensation, in the amount of $116,284.50 for 316.8 hours of reasonable, actual and necessary legal services rendered by Q&B during the Final Application Period, and approving immediate payment to Q&B of that amount;

B.     Allowing Q&B, on a final basis, $4,445.77 (100% of disbursements made) for reimbursement of reasonable, actual and necessary expenses incurred on behalf of the Trustee in connection with such legal services during the Final Application Period, and approving immediate payment to Q&B of that amount;

C.     Allowing, on a final basis, previously allowed compensation in the amount of $260,040.01 for 676.2 hours of professional services rendered during the time period covered by the First Application, and reimbursement of $13,033.43 in expenses allowed by the Compensation Order;

D.     Approving payment of the Holdback in the amount of $52,008, incurred in connection with the First Application, which has not been paid to Q&B by Trustee;

E.     Approving notice of this Final Application as sufficient and finding that no other or further notice is required; and

F.     Granting Q&B such other and further relief as this Court deems appropriate.

Respectfully submitted,

QUARLES & BRADY LLP

By:   /s/ Faye B. Feinstein

Faye B. Feinstein (ARDC #6186627)

Sarah K. Baker (ARDC #6298223)
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL  60654
(312) 715-5000

QB\25492876.5