**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

In re:                                                    )    Chapter 7
    NANOINK, INC.,                      )    Case No. 13-14126
                    Debtor.    )    Honorable Eugene R. Wedoff

**COVER SHEET FOR FINAL APPLICATION FOR PROFESSIONAL COMPENSATION**
(Appendix to Rule 607)

Name of Applicant:　　　　Deborah K. Ebner, Trustee

Authorized to Provide
Professional Services to:　　　　N/A

Date of Order Authorizing Employment:　　

Period for Which
Compensation is Sought:　　N/A

Amount of Fees Sought:　　$10,169.29
Amount of Expense
Reimbursement Sought:　　$0.00

This is an: Interim Application _____ Final Application ___X___

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed and Paid |
|---|---|---|---|
| 9/19/2013 | 4/4/13-9/19/13 | $39,495.53 Fees | $39,495.53 Fees |
|  |  | $1,198.39 Expenses | $1,198.39 Expenses |
| 2/05/2015 | 9/20/13-2/5/15 | $15,897.31 Fees | $15,897.31 Fees |
|  |  | $1,239.69 Expenses | $1,239.69 Expenses |
| 5/14/2015 |  | $8,641.62 Fees | $8,641.62 Fees* |

*Interim compensation authorized by Office of the U.S. Trustee on interim distribution to creditors.

　　　　　　　　　　　　　　　　　　　　Applicant: Deborah K. Ebner, Trustee

Date: August 26, 2015　　　　　　　　By: _/s/Deborah K. Ebner_____
　　　　　　　　　　　　　　　　　　　　　　Deborah K. Ebner, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| NANOINK, INC., | ) | Case No. 13-14126 |
| Debtor. | ) | Honorable Eugene R. Wedoff |

**FINAL APPLICATION OF TRUSTEE FOR STATUTORY COMPENSATION**

TO THE HONORABLE EUGENE R. WEDOFF, Bankruptcy Judge:

NOW COMES Deborah K. Ebner, duly elected, qualified and acting permanent Trustee in this case, and in support of her Final Application for Statutory Compensation, states as follows:

1. The Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "Code"), and Deborah K. Ebner ("Ebner") was appointed Trustee on April 4, 2013.

2. On May 29, 2013, the 341 meeting was convened, no election was held, and Ebner serves as the permanent trustee of this Estate. Prior to this Final Application, Trustee disbursed $1,359,482.33 to parties, other than the Debtor, in this case[1]. The balance of funds, in the amount of $310,825.15, remain on deposit, for final distribution to creditors[2]. In addition to

---

[1] On September 19, 2013, Trustee filed her First Amended Interim Application for Trustee Compensation pursuant to which she sought, and thereafter obtained, authority for statutory compensation based upon disbursements through September 19, 2013, of $724,910.61. Attached as **Exhibit A** is a true and correct copy of the disbursements upon which Trustee's First Interim Application for Statutory Compensation were based. The Second Interim Application sought statutory compensation based upon disbursements from September 30, 2013 through January 30, 2015, of $346,517.83. Attached as **Exhibit B** is a true and correct copy of the disbursements upon which Trustee's Second Interim Application for Statutory Compensation were based. On May 14, 2015, Trustee received authorization from the United States Trustee to issue an interim distribution to creditors in the amount of $288,053.89, and, to receive statutory compensation thereon at the 3% level, in the amount of $8,641.62. Attached as **Exhibit C** is a true and correct copy of the disbursements upon which the Office of the U.S. Trustee authorized a third interim distribution.

[2] The amount available for distribution to creditors according to Rabobank totals $312,011.56. This amount is reduced by the following adjustments:

    a) Overpayment in the amount of $180.00 in check number 244 to wage claimant Jeffrey Rendlen, which overpayment is scheduled to be recaptured from his final distribution.

2

seeking statutory Trustee compensation on the $310,825.00, Trustee seeks statutory Trustee compensation on $31,948.11 in disbursements previously issued by Trustee, on which no compensation was requested[3]. Accordingly, Trustee seeks statutory compensation on the aggregate of $342,773.26 ($310,825.15 + $31,948.11 = $342,773.26) pursuant to this Final Application.

3. During her tenure, Trustee has performed her statutory duties, including, but not limited to, the following tasks.

    A. <u>TASKS</u>

1) Prepared for 341 meeting;
2) Conducted 341 meeting;
3) Filed Initial Report of Trustee in Asset Case;
4) Reviewed claims;
5) Opened bank accounts;
6) Prepared in connection with U.S. Trustee reviews, reports and discussions with USTO staff personnel, and others;
7) Conducted and organized research, investigated marketing plans for the IP assets and personal property;
8) Conducted auction sales for the sale of Campbell, CA assets and the balance of the personal property assets of this Debtor;
9) Conducted ongoing work with attorneys and marketers relating to issues, including but not limited to, maintenance of intellectual property rights, use and occupancy issues, product warranty issues, and insurance issues;
10) Issued an interim distribution to priority creditors pursuant to new procedures adopted by the U.S. Department of Justice Office of the U.S. Trustee;
11) Worked with wage claimants to facilitate address changes and creation of wage vouchers; and

---

    b) Uncleared tax check number 171 in the amount of $113.52 to New Jersey Department of Revenue.

    c) Voided check number 240 in the amount of $1,252.89 to wage claimant number 127, Lynn Jensen, the funds for which will be turned over to the Clerk of the U.S. Bankruptcy Court.

Trustee has already received statutory compensation on the above $180.00, $113.52 and $1,252.89, and therefore an adjustment is made herein to prevent double compensation to Trustee.

[3] Attached hereto as **Exhibit D** is an itemization of disbursements issued by Trustee that were not captured in any of Trustee's three interim Trustee compensation requests.

      12) Coordinated efforts between Rabobank and the New Jersey Department of Revenue to attempt to correct the inability of the State of New Jersey's ACH payment software to accept payment from Trustee's Rabobank account.

Trustee has been actively involved in every facet of administration of this case.

    4.    The maximum compensation allowable to Trustee pursuant to 11 U.S.C. § 326 of the Code, based upon the receipt and disbursements of $338,976.46 (that amount reflected in Exhibit D) to parties other than the Debtor, is calculated as follows:

| | |
|---|---|
| 3% of remaining balance $338,976.46) | $10,169.29 |
| **Total allowable compensation** | **$10,169.29** [4] |

COMPENSATION AND EXPENSE REQUEST

    5.    Trustee has expended no less than 500 hours in the rendition of Trustee services since April 4, 2013. Based upon Trustee's normal and customary hourly rates, she has therefore personally rendered no less than $197,500.00 worth of professional service since April 4, 2013. Trustee seeks final compensation in the amount of **$10,169.29** and ratification of all prior interim compensation and expense reimbursement awards, as final.

    6.    This Application has been filed electronically, and notice thereof will be provided

---

[4] Trustee's First (Amended) Interim Application for Compensation and Expense Reimbursement applied the following formula to disbursements of $724,910.61:

| | |
|---|---|
| 25% of the first $5,000 | $ 1,250.00 |
| 10% of the next $45,000 | $ 4,500.00 |
| 5% of the next $950,000.00 ($674,910.61) | $33,745.53 |
| Total allowable compensation | $39,495.53 |

The Second Interim Application applied the first tier of compensation at the 5% level and the second tier at the 3% level pursuant to statutory requirements. Specifically:

| | |
|---|---|
| 5% of the next $950,000.00 ($275,089.39) | $13,754.46 |
| 3% of the remaining balance ($71,428.44) | $ 2,142.85 |
| Total allowable compensation | $15,897.31 |

The Third Interim Application authorized by the Office of the U.S. Trustee applied 3% to disbursements of $288,000.00, resulting in the amount of $8,641.62, as and for total allowable compensation..

This Final Application applies 3% to disbursements of $31,948.11 plus the remaining funds on deposit of $310,825.15, less reductions of $1,814.80 plus $1,982.00, totaling $338,976.46.

electronically, via the Court's CM/ECF System, to (a) counsel for (i) the Debtor and (ii) the United States Trustee; and (b) entities, or their respective counsel, who have filed a notice of appearance through the Court's CM/ECF System and/or requested Notice. Trustee has also posted a copy of this Motion and Notice thereof on the Website constructed for administration of this case, the address of which is www.nanoinkbankruptcy.net.

CONCLUSION

7.      **For the foregoing reasons, as and for her final distribution, Trustee seeks $10,169.29 in statutory compensation, along with an Order ratifying the U.S. Trustee approval and subsequent disbursement of $8,641.62 in interim compensation and deeming all interim compensation and expense payments and awards final.**

                Respectfully submitted,
                Law Office of Deborah Kanner Ebner

By:   /s/Deborah K. Ebner
      Deborah K. Ebner, Esq.

Deborah K. Ebner (ARDC No. 6181615)
Law Office of Deborah Kanner Ebner
11 East Adams Street
Suite 904
Chicago, IL 60603
(312) 922-3838