**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | | ) | Chapter 7 |
| NANOINK, INC., | | ) | Case No. 13-14126 |
| | Debtor. | ) | Honorable Eugene R. Wedoff |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
(Appendix to Rule 607)

Name of Applicant:     Law Office of Deborah Kanner Ebner

Authorized to Provide
Professional Services to:          Trustee

Date of Order Authorizing Employment:  July 24, 2013, effective June 27, 2013

Period for Which
Compensation is Sought:      February 20, 2014 through case closure (estimated)

Amount of Fees Sought:      $170,001.00 plus reconsideration of $1,321.00 previously
disallowed and allowance of all prior Interim Awards as final

Amount of Expense
Reimbursement Sought:    $1,608.14

This is an:  Interim Application _____ Final Application _____X_____

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed and Paid |
|---|---|---|---|
| 2/19/14 | 6/27/13 – 2/19/14[1] | $72,391.50 $5,048.00 | fees awarded: $69,685.13 expenses awarded: $5,048.00 |

Applicant: Law Office of Deborah Kanner Ebner

Date:   July ___, 2015          By: _/s/Deborah K. Ebner, Esq._____
                      Deborah K. Ebner, Esq.

---

[1] First Interim Fee Application inadvertently omitted compensation requests for the following matter categories:

| Matter Category | Period of Service |
|---|---|
| Asset Disposition | 7/14/13-1/28/14 |
| Automatic Stay Violation Issues | 4/5/13-1/16-14 |
| Asset Analysis/Recovery | 10/17/13-11/13/13 |
| 363 Sales | February 2014 |

Compensation for above time is sought in this Final Application

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| NANOINK, INC., | ) | Case No. 13-14126 |
| Debtor. | ) | Honorable Eugene R. Wedoff |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR LAW OFFICE OF DEBORAH KANNER EBNER, CO-COUNSEL
FOR TRUSTEE PURSUANT TO 11 U.S.C. § 330**

Law Office of Deborah Kanner Ebner ("Ebner Law") co-counsel for the chapter 7 Trustee, Deborah K. Ebner ("Trustee"), pursuant to 11 U.S.C. § 330, hereby submits this Final Application for Compensation and Expense Reimbursement (the "Application"), relating to services rendered and expenses incurred from February 20, 2014 through the conclusion of the administration of this case (the "Application Period").   Ebner Law requests allowance of **$170,001.00**, and payment of final compensation for 457 hours of services rendered, plus reimbursement of actual and necessary costs in the amount of $1,608.14.   In addition, Applicant seeks ratification and finality of prior awards of interim compensation in the aggregate amount of $69,685.13 and expense reimbursement in the amount of $5,048.00 previously approved by this Court.   The prior Orders are attached hereto as **Group Exhibit A**. Lastly, Applicant seeks reconsideration of $1,321.00 in compensation that was previously denied

In support of this Application, Ebner Law states:

I.   **COMMENCEMENT OF PROCEEDING**

1.   On April 4, 2013 ("Petition Date"), Debtor filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code"), and Deborah K. Ebner was appointed Trustee.

2.   The section 341(a) meeting of creditors was held on May 29, 2013.

3.   Upon notification of her interim appointment, Trustee commenced a series of meetings with former employees of the Debtor, and, in particular, Ben Pothast, former CEO, and several other senior administrators of the business.   The purpose of the meetings was to conduct due diligence about the appointment and the issues that would be encountered with this administration. Specifically, Trustee

learned that Debtor was a technology company specializing in nanometer-scale manufacturing and applications development for the life sciences, engineering, pharmaceutical, and education industries that had been funded by the Lurie Investment Fund, and that an administration would be high risk, burdensome, sophisticated, difficult and expensive, in light of meager cash on hand, assets that potentially diminish rapidly in value, a costly all but certain legal dispute with Northwestern University, and well-funded, sophisticated adversary defendants. Furthermore, Trustee was made aware of a prior unsuccessful effort by ownership to market the business, and to sell the Intellectual Property Assets.   After her investigation concluded, Trustee believed that notwithstanding the foregoing challenges, it was probable that a Chapter 7 administration could create a distribution to the employees on their priority claims. Trustee realized that if the Estate were not administered, employees would receive no distribution at all. Accordingly, Trustee chose to administer this case, and has succeeded in generating a distribution to priority wage claimants.

In the business judgment of Trustee, case administration required the legal services of highly sophisticated intellectual property counsel, along with sophisticated and well-staffed bankruptcy counsel who could quickly and thoroughly address the interface of intellectual property ("IP") and bankruptcy issues around the globe.  For the foregoing services, Trustee selected and thereafter retained Quarles & Brady ("Q&B") to address the interference of IP and bankruptcy issues.  The engagement of Q&B concluded, and, Q&B filed its Final Application for Compensation and Expense Reimbursement on August 6, 2014.  A Final Order awarding compensation and expense reimbursement was entered on September 3, 2014

4.      In addition to retention of Q&B, Trustee retained Ebner Law for the purpose of performing claims work, investigation and prosecution of avoidance actions, and certain other matters for which Q&B either had a conflict of interest, or that could be more efficiently performed by Ebner Law. On July 24, 2013, this Court entered an Order, effective June 27, 2013, authorizing Ebner Law to perform certain legal services on behalf of Trustee.  A copy of that Order of retention is attached as **Exhibit B**.

5.      This Chapter 7 case has been fully administered, and the case is ready to be closed.  All

3

professional services for which Ebner Law requests compensation, were performed by Ebner Law, and not for or on behalf of any creditor or any other person.

## II.   NATURE OF LEGAL SERVICES PERFORMED BY EBNER LAW

6.     Ebner Law has served as Co-counsel for Trustee in these proceedings, and has devoted its time to legal matters in this case, including the following:

### A.     EMPLOYMENT OF PROFESSIONAL PERSONS
### AND APPLICATIONS FOR COMPENSATION

7.     Ebner Law drafted motions and orders, and obtained court approval to retain and compensate certain of the Trustee's professionals, including (i) Ebner Law; (ii) Anthony Scandora of AES Systems Corp., the Trustee's information technology consultant,; and (iii) Lois West, the Trustee's accountant.

8.     In connection with the drafting of the foregoing retention applications and applications for compensation, Ebner Law expended 31.50 hours for which she requests compensation of $7,561.00.

9.     Attached to this Application as **Exhibit C** is an itemized statement of the services performed by Ebner Law during the Application Period for the category matter employment and compensation applications.[2][&3]  In the table set forth below is a listing of the professionals who billed time to the matter category labeled Employment of Professional Persons and Applications for Compensation during the Application Period, those professionals' hourly rates, and the aggregate amount billed to the matter category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|

---

[2]  Each of the Exhibits attached hereto contain an itemized statement of the services performed by Ebner Law during the Application Period in the subject matter category, setting forth (a) a detailed description of services rendered on a daily basis by each timekeeper employed by Ebner Law who performed services for Trustee during the Application Period, with the hours spent on such services by each such timekeeper, and (b) the total number of hours devoted by each timekeeper to performing services for the Trustee in the subject matter category, and the aggregate value of such services performed during the Application Period in each category, both by timekeeper and in the aggregate for the category.  Each Exhibit was prepared from the time sheets and computer records regularly kept by Ebner Law attorneys, paraprofessionals, and other timekeepers.  Attorney Linda Kujaca's affiliation with Ebner Law terminated on or about 10/10/13.

[3]  Attorney Susan Barnes de Resendiz did not bill for services in this matter category.  Time was expended by Elizabeth Daleccio, however, assisting Ms. Resendiz with categorizing time for fee petition purposes.  Considerable expense was saved in the delegation of this responsibility.

| Deborah K. Ebner | 1.00 | $395 | $395.00 |
| | 13.90 | $400 | $5,560.00 |
| Sandee Butz | 3.00 | $150 | $450.00 |
| Liz Daleccio | 13.60 | $85 | $1,156.00 |
| **Total:** | **31.50** | | **$7,561.00** |

### B.  CLAIMS ADMINISTRATION

10.     During the Application Period, Ebner Law prepared and prosecuted all objections to claims, and all pleadings related thereto, to the extent necessary for the complete administration of this case.

11.     Ebner Law expended 23.00 hours for which she requests compensation of $5,915.00 for service rendered in this matter category.  The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit D**. In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
| --- | --- | --- | --- |
| Deborah K. Ebner | 8.60 | $400 | $3,440.00 |
| Dennis E. Quaid | 1.50 | $425 | $637.50 |
| Liz Daleccio | 1.50 | $85 | $127.50 |
| Sandee Butz | 11.40 | $150 | $1,710.00 |
| **Total:** | **23.00** | | **$5,915.00** |

### C.     ASSETS

12.     Debtor's Assets consisted largely of intellectual property rights, including patents, patent applications and license agreements.  At case inception, Debtor's patent portfolio consisted of over 440

patents and patent applications, including both owned and licensed properties.  The portfolio included 60 U.S. patents, 74 U.S. patent applications, 97 foreign patents, and 230 foreign patent applications (collectively, the "IP Assets").  At case inception, it was believed that by marketing the IP Assets by "family" instead of "in bulk," the IP Assets would generate sale proceeds with which a distribution would be generated.[4]

13.     The Debtor also owned and leased miscellaneous equipment and other non-intellectual property assets (collectively, the "Non-IP Assets" and together with the IP Assets, the "Assets"), which were located in various parts of the world, including: Skokie, Illinois; Greenwood, South Carolina; Campbell, California; Ackley, New Jersey; and Puerto Rico.

14.     Although it was contemplated that the Q&B firm would represent the Trustee with sale of disposition of IP and Non-IP Assets, the lack of qualified bids for the IP Assets resulted in an unplanned bifurcation of professional service.  Specifically, the Q&B firm represented the Trustee in the sale of all Non-IP Assets.  A complete itemization of those services can be found in the Q&B First Interim Application for Compensation (Doc #124) and Final Application for Compensation (Doc #231).  Ebner Law, in connection with the IP department of Q&B represented Trustee with the disposition of a limited number of IP Assets. Certain of these efforts were itemized in a matter category labeled "Asset Disposition," which matter category was inadvertently excluded from Ebner Law's First Interim Application for Compensation."

15.     Ebner Law expended 10.8 hours for which she requests compensation in the amount of $4,326.00 for service rendered in the Asset Disposition matter category. The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit E.** In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the

---

[4] Prior marketing efforts by the Debtor were limited to sales in bulk, with no success.

category by each professional.[5]

| Name | Hours | Rate (per hour) | Amount |
|------|-------|-----------------|--------|
| Deborah K. Ebner | 8.80 | $395 | $3,476.00 |
| Dennis E. Quaid | 2.00 | $425 | $850.00 |
| **Total:** | **10.80** | | **$4,326.00** |

### D.     363 SALES

16.     Subsequent to a sale of the Non-IP Assets, Debtor's remaining assets consisted predominantly of intellectual property assets, including patents and license agreements.

17.     The Trustee employed Alex Moglia of Moglia Advisors ("Sales Advisor") with the authorization of this Court as the estate's sales advisor for advising the Trustee as to an optimal means for marketing and selling the IP Assets of the Estate. *See*, Docket 42, May 8, 2013.

18.     Trustee, with the legal representation of the Q&B firm, offered for sale all of the property of the estate, being both the IP Assets and Equipment, at a hearing held on June 26, 2013.   The Equipment was ultimately sold pursuant to an order entered by this Court on July 10, 2013.  See, Docket 108, July 10. 2013.

19.     The IP Assets were scheduled by the Debtor as having an unknown value.  Nevertheless, the IP Assets were thought to possess considerable value and to be the most valuable component of the Debtor's property, if "marketed by family."   Trustee had been advised and believed that a sale of the IP by "family" would generate interest from particular industries, and therefore, offers. Trustee and her Sales Advisor continued their respective efforts to solicit offers from third parties for the purchase of one or all of the IP Assets.   These efforts included posting on the Trustee's Website information regarding the

---

[5] Service was rendered between 7/14/13 and 1/28/14 and therefore should have been included in Ebner Law's First Interim Fee Application.   This matter category, and therefore, the compensation request relating thereto was inadvertently omitted from the First Interim Application.

availability of the IP Assets for sale, and the Sales Advisor advertising on many of the relevant internet

sites throughout the world, the availability of the IP Assets for sale[6].

20.      Despite the efforts of the Trustee, her Sales Advisor, and, the public offering of the IP

Assets for sale, there were no ***qualified bidders***, forthcoming.

21.      Trustee received a proposal from Maynards Industries (1991) Inc, Biditup Capital

Corporation, PPL Group, Capital Recovery Group and the Ettin Group (hereinafter collectively referred

to as "Marketer").   That proposal sought to grant Marketer the right to solicit offers from third party

purchases for some or all of the IP Assets at no cost to the Estate.   A summary of the salient terms of the

Marketer's Proposal were as follows:

**A.**      Term:  Ninety (90) days, unless extended by mutual consent of the parties;

**B.**      Marketing Expenses:  Paid by Marketer;

**C.**      Split of Sales Proceeds:   The estate receives the first $100,000.00 from the
proceeds of the sale of any of the IP Assets, then payment to the party, whether
Trustee or Marketer which pays the Intellectual Property fees (termed
Maintenance Fees in the Proposal), that pays the Intellectual Property Fees
during the term of the proposal; and thereafter, the estate receives 60% of the
remaining sales proceeds and the Marketer receives 40% of those remaining sales
proceeds; and,

**D.**      Modification of Sales Advisor's Employment:  The estate's Sales Advisor would
terminate his activities on behalf of the estate as of August 2, 2013, and thereafter
work in conjunction with the Marketer, receiving compensation for his activities
after August 2, 2013, equal to 12.5% of the sales proceeds payable from the
Marketer's 40% of said proceeds.

Trustee believed that entry into this agreement by the Estate was a sound business decision and in the best

---

[6] Continued prosecution of the IP Assets proved to be costly for the Estate.  Some or all of the IP Assets required payment to third parties of various fees and commissions to (i) initiate a patent application, (ii) proceed with the prosecution of a patent application that had already been filed, (iii) obtain issuance of a patent from an application that had been approved, and compensate local attorneys in the jurisdiction where the patent applications were pending to process the patent applications on behalf of the Trustee and the estate (collectively, the "Intellectual Property Fees") for continued good standing existence of the IP Assets. Trustee continually monitored the cost benefit of maintaining the IP portfolio, and methods of minimizing the costs of administration.

This Court authorized the Trustee to exercise her business judgment in connection with the advice received from Quarles & Brady as her IP Counsel as to decide whether to pay the Intellectual Property Fees for each item of the IP Assets or to refrain from paying said Intellectual Property fee due to a minimal value of the IP Asset being perpetuated.  [Docket 19, April 17, 2013]

interests of the estate since, Marketers had purchased the hard assets of this estate, some of which were designed to be utilized with the IP assets, and therefore Marketers were in a unique position to market the IP according to IP "families," thereby maximizing potential return to the estate.  Constant monitoring of the cost required for continued preservation of the IP rights was necessary to ensure financial gain for the Estate.

22.     Ebner Law represented the Trustee in the negotiation, drafting and consummation of the marketing agreement, which engagement was monitored during its 90 day course.  In addition, Ebner Law assisted the Trustee with the process of negotiating and drafting a specific asset purchase agreement, the proponent of which was located by Trustee, subsequent to expiration of the marketing agreement.  The specific asset purchase agreement was brought before the Court on February 19, 2014.

All legal services rendered by Ebner Law in the negotiation, drafting and consummation of both the marketing agreement, and, time expended through the conclusion of this administration on the specific asset purchase agreement has been categorized as "363 Sales" in Ebner Law time records.

23.     In connection with the "363 Sales" time category, Ebner Law expended 14.80 hours for which it requests compensation of $6,086.00 for professional service rendered in this matter category. The itemized statement of services performed by Ebner Law for this category is attached to this Application as **Exhibit F**. In the table set forth below, there is a list of the professionals who billed time to this matter category during the Application Period, the professionals' hourly rates, and, the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | 6.80 | $395 | $2,686.00 |
| Dennis Quaid | 8.00 | $425 | $3,400.00 |
| **Total:** | **14.80** | | **$6,086.00** |

24.     In addition to the foregoing 363 Sales time category items, the following 363 Sales time was expended in February 2014, but was accidentally excluded from the First Interim Fee Application. The itemized statement of services for the omitted February 2014 363 Sales matter category time is attached hereto and incorporated herein as **Exhibit G**.

| Name | Hours | Rate (per hour) | Amount |
|------|-------|-----------------|--------|
| Deborah K. Ebner | 5.10 | $395 | $2,014.50 |
| Dennis Quaid | 1.20 | $425 | $510.00 |
| Liz Daleccio | 2.30 | $60 | $138.00 |
| **Total:** | **8.60** | | **$2,662.50** |

### E.      CASE ADMINISTRATION

25.     In connection with the "Case Administration" time category, Ebner Law expended 5.7 hours for which it requests compensation of $1,811.00 for professional service rendered in this matter category.  The itemized statement of services performed by Ebner Law for this category is attached to this Application as **Exhibit H**. In the table set forth below, there is a list of the professionals who billed time to this matter category during the Application Period, the professionals' hourly rates, and, the aggregate account billed in the category by each professional.

| Name | Hours | Rate (per hour) | Amount |
|------|-------|-----------------|--------|
| Deborah K. Ebner | .30 | $395 | $118.50 |
| | 3.70 | $400 | $1,480.00 |
| Dennis Quaid | .20 | $425 | $85.00 |
| Liz Daleccio | 1.50 | $85 | $127.50 |
| **Total:** | **5.70** | | **$1,811.00** |

### F.      ASSET ANALYSIS/RECOVERY

26.     In connection with the "Asset Analysis/Recovery" time category, Ebner Law expended 3.9 hours for which it requests compensation of $1,098.00 for professional service rendered in this matter category.  The itemized statement of services performed by Ebner Law for this category is attached to this Application as **Exhibit I**. In the table set forth below, there is a list of the professionals who billed time to this matter category during the Application Period, the professionals' hourly rates, and, the aggregate account billed in the category by each professional.[7]

| Name | Hours | Rate (per hour) | Amount |
|------|-------|-----------------|--------|
| Deborah K. Ebner | .40 | $395 | $158.00 |
| Dennis E. Quaid | 2.00 | $425 | $850.00 |
| Liz Daleccio | 1.5 | $60 | $90.00 |
| **Total:** | **3.90** | | **$1,098.00** |

### G.     AUTOMATIC STAY VIOLATION

27.     In connection with the "Automatic Stay Violation" time category, Ebner Law expended 4.0 hours for which it requests compensation of $1,688.00 for professional service rendered in this matter category.  The itemized statement of services performed by Ebner Law for this category is attached to this Application as **Exhibit J**. In the table set forth below, there is a list of the professionals who billed time to this matter category during the Application Period, the professionals' hourly rates, and, the aggregate account billed in the category by each professional.[2]

| Name | Hours | Rate (per hour) | Amount |
|------|-------|-----------------|--------|
| Deborah K. Ebner | .40 | $395 | $158.00 |
| Dennis E. Quaid | 3.60 | $425 | $1,530.00 |
| **Total:** | **4.00** | | **$1,688.00** |

---

[7]The Asset Analysis/Recovery and Automatic Stay Violation categories were inadvertently excluded from Ebner Law's First Application for Interim Compensation.

H.      **AVOIDANCE ACTIONS AND MISCELLANEOUS GENERAL LITIGATION**

(1)      **Litigation**

28.      Applicant worked with Trustee on a full review of all transfers made by the Debtor within avoidance periods.  Due diligence by Trustee and Applicant was significant in order to avoid the filing and prosecution of adversary proceedings that would, in the business judgment of the Trustee, be burdensome to the Estate or otherwise lack financial benefit for creditors.  Even though only nine (9) avoidance actions were ultimately filed, 46.50 hours of time were expended by Applicant on due diligence necessary to avoid the filing of avoidance actions (both fraudulent conveyance and preference) that, in the opinion of Trustee, could not be sustained, and would generate a loss for the Estate.  Likewise, the due diligence hours provided Ebner Law the necessary assurance that there was a factual and legal basis to pursue the preferential transfers that were ultimately filed and resolved.  The expenditure of time in this category was a reasonable and a necessary requirement in assisting Trustee with her fiduciary duty.[8]  The itemized statement of services performed by Ebner Law for this category is attached to this Application as **Exhibit K**. In the table set forth below, there is a list of the professionals who billed time to this matter category during the Application Period, the professionals' hourly rates, and, the aggregate account billed in the category by each professional.

| Name | Hours | Rate (per hour) | Amount |
|------|-------|-----------------|--------|
| Deborah K. Ebner | 6.60 | $395 | $2,607.00 |
|  | 3.80 | $400 | $1,520.00 |
| Dennis E. Quaid | 10.70 | $425 | 4,547.50 |
|  | .30 | $0 | $0.00 |

---

[8] The pre-petition Debtor continued to receive funding from Lurie Investment until early February, 2013, at which time, ownership simply stopped funding, and closed the doors of the business. Debtor's Bankruptcy counsel packaged the bankruptcy filing, which preparation was complicated and time consuming, and the Petition was not filed until April 4, 2013.  Due to Debtor's continued and uninterrupted receipt of funding for operations until business closure, and the subsequent delay necessitated by preparation of the bankruptcy,, there was no business activity during most of the non-insider preference period.

| | | | |
|---|---|---|---|
| Susan Barnes De Resendiz | 25.00 | $385 | $9,625.00 |
| | .10 | $0 | $0.00 |
| **Total:** | **46.50** | | **$18,299.50** |

29.     In addition, this matter category includes time expended in rendering service with the "Non-IP Asset Sale."

### (2)     Ebner v. Allied Engineering, Preference Action No. 14A00492

30.     After unsuccessful attempts to negotiate a settlement of Trustee's claim against Allied Engineering, Trustee filed the referenced adversary proceeding on July 23, 2014.  Trustee proceeded to obtain a judgment on November 17, 2014.  Post-judgment collection proceedings were initiated against the Judgment Debtor.  The Judgment Debtor is, however, uncollectable and out of business.

31.     Ebner Law expended 18.20 hours for which she requests compensation of $7,141.00 for service rendered in this matter category.  The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit L**. In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | .60 | $395 | $237.00 |
| Dennis E. Quaid | 3.20 | $425 | $1,360.00 |
| Susan Barnes De Resendiz | 14.40 | $385 | 5,544.00 |
| **Total:** | **18.20** | | **$7,141.00** |

### (3)     Ebner v. Dell Marketing, Preference Action #14A00493

32.     After unsuccessful attempts to negotiate a settlement, Trustee's claim against Dell Marketing was filed on July 23, 2014.  After engaging in active discovery, Trustee, in reliance upon her

business judgment, accepted an offer of settlement which was approved by this Court on October 22, 2014. By virtue of this settlement, this Estate collected $8,000.00 in proceeds.

33. Ebner Law expended 16.70 hours for which she requests compensation of $6,490.50 for service rendered in this matter category. The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit M**. In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | .10 | $395 | $39.50 |
| Dennis E. Quaid | 1.50 | $425 | $637.50 |
| Susan Barnes De Resendiz | 15.10 | $385 | $5,813.50 |
| **Total:** | **16.70** | | **$6,490.50** |

**(4)     Ebner v. Izon Sciences US Ltd, Preference Action #14A00494**

34. After unsuccessful attempts to negotiate a settlement, Trustee's claim against Izon Sciences was filed on July 23, 2014. After engaging in active discovery, Trustee, in reliance upon her business judgment, accepted a $15,000.00 offer of settlement which was approved by this Court on May 27, 2014.

35. Ebner Law expended 48.20 hours for which she requests compensation of $19,706.00 for service rendered in this matter category. The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit N**. In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Deborah K. Ebner | 2.10 | $395 | $829.50 |
| | .80 | $400 | $320.00 |
| Dennis E. Quaid | 27.90 | $425 | $11,857.50 |
| Susan Barnes De Resendiz | 17.40 | $385 | $6,699.00 |
| **Total:** | **48.20** | | **$19,706.00** |

Izon Sciences, US Ltd was the "holdout" preference defendant. Not until the eve of trial was there an acceptable offer tendered. As a result of the delay, Ebner Law was required to prepared for trial, and, incur all costs associated therewith. Notwithstanding the $15,000.00 settlement, and the $19,706.00 fees generated in pursuit thereof, as part of the settlement agreement, Izon Sciences, US Ltd released all of its claims against the Estate, as a result of which Trustee's work created a net gain.

### (5)   **Ebner v. Barbara McKittrick, individually and d/b/a The Strategy Factory, Preference Action #14A00499**

36.      After unsuccessful attempts to negotiate a settlement, Trustee's claim against McKittrick was filed on July 23, 2014. After engaging in preliminary discovery, Trustee, in reliance upon her business judgment, accepted an offer of settlement which was approved by this Court on August 29, 2014. By virtue of this settlement, this Estate collected $14,743.24 in proceeds.

37.      Ebner Law expended 8.40 hours for which she requests compensation of $3,278.00 for service rendered in this matter category. The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit O**. In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Dennis E. Quaid | 1.10 | $425 | $467.50 |
| Susan Barnes De Resendiz | 7.30 | $385 | $2,810.50 |

| | | | |
|---|---|---|---|
| **Total:** | **8.40** | | **$3,278.00** |

### (6)    Ebner v. Morrow Design, Inc., Preference Action #14A00496

38.     After unsuccessful attempts to negotiate a settlement, Trustee's claim against Morrow Design was filed on July 23, 2014.  After engaging in active discovery, Trustee, in reliance upon her business judgment, accepted an offer of settlement which was approved by this Court on January 28, 2015.  By virtue of this settlement, this Estate collected $17,500.00 in proceeds.

39.     Ebner Law expended 27 hours for which she requests compensation of $10,498.00 for service rendered in this matter category.  The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit P**.  In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | 3.10 | $395 | $1,224.50 |
| Dennis E. Quaid | 1.80 | $425 | $765.00 |
| Susan Barnes De Resendiz | 22.10 | $385 | $8,508.50 |
| **Total:** | **27.00** | | **$10,498.00** |

### (7)    Ebner v. Nanomotion, Inc., Preference Action #14A00495

40.     After unsuccessful attempts to negotiate a settlement, Trustee's claim against Nanomotion, Inc. was filed on July 23, 2014.  After engaging in active discovery, Trustee, in reliance upon her business judgment, accepted an offer of settlement which was approved by this Court on January 28, 2015.  By virtue of this settlement, this Estate collected $57,500.00 in proceeds.

41.     Ebner Law expended 65.10 hours for which she requests compensation of $25,336.50 for service rendered in this matter category.  The itemized statement of services performed by Ebner Law for

this matter category is attached to this Application as **Exhibit Q**. In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| Name | Hours | Rate (per hour) | Amount |
|------|-------|-----------------|--------|
| Deborah K. Ebner | 2.50 | $395 | $987.50 |
| Dennis E. Quaid | 6.20 | $425 | $2,635.00 |
| Susan Barnes De Resendiz | 56.40 | $385 | $21,714.00 |
| **Total:** | **65.10** | | **$25,336.50** |

### (8)   **Ebner v. NanoSurf, Inc.,** Preference Action #14A00497

42.     After unsuccessful attempts to negotiate a settlement, Trustee's claim against NanoSurf, Inc. was filed on July 23, 2014.  After engaging in active discovery, Trustee, in reliance upon her business judgment, accepted an offer of settlement which was approved by this Court on January 28, 2015.  By virtue of this settlement, this Estate collected $65,000.00 in proceeds, and, obtained a waiver of claim.

43.     Ebner Law expended 39.20 hours for which she requests compensation of $15,189.50 for service rendered in this matter category.  The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit R**. In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| Name | Hours | Rate (per hour) | Amount |
|------|-------|-----------------|--------|
| Deborah K. Ebner | 4.50 | $395 | $1,777.50 |
| | .20 | $400 | $80.00 |
| Dennis E. Quaid | 2.20 | $425 | $935.00 |
| | .10 | $0 | $0.00 |

| | | | |
|---|---|---|---|
| Susan Barnes De Resendiz | 32.20 | $385 | $12,397.00 |
| **Total:** | **39.20** | | **$15,189.50** |

### (9)    Ebner v. Oxford Instruments Asylum Research, Inc., Preference Action #14A00544

44.    After unsuccessful attempts to negotiate a settlement, Trustee's claim against Oxford Instruments Asylum Research, Inc. was filed on August 11, 2014.  After engaging in active discovery, Trustee, in reliance upon her business judgment, accepted an offer of settlement which was approved by this Court on March 3, 2015.  By virtue of this settlement, this Estate collected $35,000.00 in proceeds, and, obtained a waiver of claim.

45.    Ebner Law expended 78.50 hours for which she requests compensation of $30,322.00 for service rendered in this matter category.  The itemized statement of services performed by Ebner Law for this matter category is attached to this Application as **Exhibit S**. In the table set forth below, there is a listing of the professionals who billed time to this matter category during the Application period, the professionals' hourly rates, and the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | 3.10 | $395 | $1,224.50 |
| | 3.40 | $400 | $1,360.00 |
| Dennis E. Quaid | 9.10 | $425 | $3,867.50 |
| | .90 | $0 | $0.00 |
| Susan Barnes De Resendiz | 62.00 | $385 | $23,870.00 |
| **Total:** | **78.50** | | **$30,322.00** |

### (10)    Ebner v. Photo Sciences, Inc., Preference Action #14A00498

46.    After unsuccessful attempts to negotiate a settlement of Trustee's claim against Photo Sciences, Trustee filed the referenced adversary proceeding on July 23, 2014.  Trustee proceeded to

obtain a judgment on November 26, 2014, and thereafter, through the service of Special Collection

Counsel, served a citation upon Photo Sciences.   Trustee seized $10,507.90[9] through post-judgment

collection.

47.     Ebner Law expended 6.70 hours for which she requests compensation of $2,592.50 for

service rendered in this matter category.  The itemized statement of services performed by Ebner Law for

this matter category is attached to this Application as **Exhibit T**. In the table set forth below, there is a

listing of the professionals who billed time to this matter category during the Application period, the

professionals' hourly rates, and the aggregate account billed in the category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | .90 | $395 | $355.50 |
| Dennis E. Quaid | .10 | $425 | $42.50 |
| Susan Barnes De Resendiz | 5.70 | $385 | $2,194.50 |
| **Total:** | **6.70** | | **$2,592.50** |

I       **STATEMENT IN SUPPORT OF COMPENSATION FOR PROFESSIONAL
SERVICE EXPENDED IN THE PROSECUTION, DISCOVERY AND FINAL
RESOLUTION OF PREFERENCE ACTIONS**

48.     After the performance of her due diligence requirements, Ebner Law expended 308

professional hours on causes of action that were filed, prosecuted and monetized against nine (9)

preference defendants for which it seeks $120,554.00 in compensation.  The recovery generated for the

Estate by virtue of these nine (9) causes of action totals $223,251.14 **plus** waivers of claim to which many

of the preference defendants would otherwise be entitled.

J.       **STATEMENT OF LEGAL SERVICES AND EXPENSES**

49.     Based upon the time spent, the rates charged, the necessity for each of the services

rendered at the time they were rendered, the swift administration, the highly complex nature of this high

---

[9] Court approved contingent compensation of 40% was issued to Special Collection Counsel.

risk engagement, results achieved, and Ebner Law's experience and expertise in bankruptcy law, the fair value of the services rendered during the Application Period, based upon Ebner Law's customary rates in effect during the Application Period, is not less than **$170,001.00** for a total of 457 hours of actual and necessary legal services to represent the Trustee.

50.     Ebner Law regularly made and kept records of services on behalf of the Trustee, including a summary or description of the services rendered, the date the services were rendered and the time expended to render the services, in one-tenth hour increments. Specifically, each attorney rendering service maintained and recorded, by means of direct entry into a computerized time and billing system maintained by Ebner Law, services rendered.[10]

51.     Ebner Law consists of Deborah K. Ebner, principal, and "Of Counsel" affiliates. Ebner Law has also utilized the services of her administrative assistants to perform the tasks not requiring the skill of a licensed attorney. The Of Counsel Affiliates have a permanent relationship with Ebner Law. Attorneys and administrative assistants rendering service on this engagement as follows:

(a)     Deborah K. Ebner is an Attorney who has been duly licensed by the State of Illinois for more than 30 years, and has concentrated her practice in the area of bankruptcy law for almost all of those years. She has served as a panel trustee since in or about 1983, and has served as counsel for Debtors and Trustees in many hundreds of cases. She is a member of the Trial Bar of the State of Illinois and the United States District Court for the Northern District of Illinois, the Seventh Circuit Court of Appeals and the United States Supreme Court. Her customary hourly rate is presently $400.00.

(b)     Dennis Quaid is an Attorney who has been duly licensed by the State of Illinois for more than 40 years, and has concentrated his practice in the area of bankruptcy law for almost all of those years. He is a member of the Bar of the State of Illinois and

---

[10] Attorney Susan Barnes de Resendiz does not enter law time through direct access to the Ebner Law time and billing system. Instead, she posts her time directly into a separate computer and thereafter emails it to Ebner Law for entry. During the pendency of this engagement, Ms. de Resendiz experienced a hard drive crash on her

the United States District Court the Northern District of Illinois, the Seventh Circuit Court of Appeals and the United States Supreme Court. His Of Counsel hourly rate is $425.00.[11]

(c)      Susan Barnes de Resendiz is an attorney licensed by the States of Ohio, Florida, Texas, and District of Columbia where she has practiced bankruptcy, commercial, and financial institutions law for 42 years, and has concentrated her practice in the areas of bankruptcy law, for almost all of those years. She has served as a law clerk for the Federal Reserve Board in Washington, and was an associate and then partner at Baker & Hostetler in Cleveland, Ohio, where she established and headed the Bankruptcy and Commercial Law Group, filed the first Bankruptcy Code chapter 11 for a publically held company, was lead counsel in the *Revco* chapter 11 case, and represented debtors, creditors, creditors' committees, and trustees in major bankruptcy cases such *Revco, LTV I, Channel 24(Cincinnati), Baldwin-United, EPIC, Hunt Steel, D.H. Overmyer, L.S. Good Department Stores, Cook United, UPI, National Gypsum, Blazon Flexible Flyer, and Mansfield Tire & Rubber.*

(d)      Sandee Butz commenced employment with Ebner Law in 1992, and, has worked for the Firm since that time.  She started as a bookkeeper, but over the years began to provide bankruptcy paralegal service to the Firm.  She is a highly experienced bankruptcy assistant, having assisted the Trustee in the administration of thousands of cases. Administrative services performed by her are charged at $150.00 per hour.

(e)      Elizabeth Daleccio has served as an Administrative Assistant for the Law Office

---

computer, as a result of which a significant portion of time was reconstructed with the assistance of Elizabeth Daleccio, and, thereafter posted into the Ebner Law system.

[11] The hourly rate of Mr. Quaid has been reduced from $450.00 to $425.00 to accommodate this engagement.

of Deborah Kanner Ebner since 2009.  Since 2009, she has gained proficiency in assisting the Trustee with minor pleading drafts, and Ebner Law is able to delegate work to her instead of a more expensive alternative.   Administrative services performed by Ms. Daleccio are charged at $85.00 per hour[12].

52.    Ebner Law asks this Court to award final compensation in the amount of **$170,001.00** for 457 hours of service which the firm has rendered during the Application Period on behalf of the Trustee. Ebner Law submits that after taking into account all relevant factors including the time spent, the rates charged, the necessity of the service for the administration of this particular Estate, and the benefit to this particular Estate at the time the service was rendered, the time and effort required for this engagement in light of the complexities involved, that a finding of reasonableness is appropriate.  Administration of this Estate was "high risk" due to the complexity of the issues involved and the scope of the intellectual property portfolio.  However, but for the opening of this case as an "Asset Case" and diligent effort to liquidate the complicated assets, the priority wage claimants, all of whom lost their jobs, would receive no distribution whatsoever.   Trustee's administration, and the work of Applicant, and Trustee's other professionals, have maximized the distribution to this otherwise disenfranchised class of creditors. Specifically,

(a)    The time spent on this particular engagement was appropriate and necessary.

(b)    The rate of compensation sought by Ebner Law Office for services rendered to the Trustee is <u>well</u> within the parameters of the rates other attorneys of similar experience, expertise and reputation generally seek as compensation for comparable services rendered in connection with the bankruptcy proceedings within this District.

(c)    The services provided were necessary for the administration of this Estate, and were beneficial at the time the service was rendered toward completion of the case, and created a distribution of the highest possible return to creditors under difficult

---

[12] On January 1, 2015, rates for this employee were increased from $60.00/hour to $85.00/hr.

circumstances.

(d)    Applicant's work was necessary as it ensured a proper and responsible administration of this Estate that will generate maximum return for all parties in interest.

52.    In addition to the foregoing, Ebner Law requests that reconsideration be given to those charges previously denied, and again affixed for consideration as **Exhibit U**.  The basis for the original denial was inadequate description of service.  The description has been supplemented.  The Order addressing these time entries is attached as **Exhibit V**.

53.    In connection with the performance of the services rendered herein, Ebner Law has incurred actual and necessary expenses for which it requests reimbursement in the amount of **$1,608.14**. These expenses were rendered primarily in connection with the copying and service of motions and other pleadings filed with this Court from February 20, 2014 through the conclusion of this case. A copy of the Expense Timesheet is attached hereto as **Exhibit W**. All of the expenses for which reimbursement is requested are of a type previously allowed by this Court and other courts in this jurisdiction.

54.    Ebner Law has no agreement or understanding with any person, firm or entity with respect to any determination about the amount of compensation or reimbursement it shall receive for services rendered or expenses incurred on behalf of the Trustee.

55.    No person, firm or entity has promised to provide Ebner Law any compensation or reimbursement for services rendered or expenses incurred on behalf of the Trustee.

56.    Except as permitted by Section 504(b) of the Bankruptcy Code, Ebner Law has neither shared nor agreed to share with any person, firm or entity, any compensation or reimbursement it may receive for services rendered or expenses incurred on behalf of the Trustee.

57.    This Application has been filed electronically, and notice thereof will be provided electronically, via the Court's CM/ECF System, to (a) counsel for (i) the Debtor and (ii) the United States Trustee; and (b) entities, or their respective counsel, who have filed a notice of appearance through the Court's CM/ECF System and/or requested Notice.  Trustee has also posted a copy of this Motion and Notice thereof on the Website constructed for administration of this case, the address of which is

www.nanoinkbankruptcy.net.

**WHEREFORE**, for the foregoing reasons, Applicant Deborah K. Ebner of the Law Office of Deborah Kanner Ebner, respectfully asks this Honorable Court to grant the following relief:

A.      To Award the Law Office of Deborah Kanner Ebner final compensation in the amount of **$170,001.00**;

B.      To Award the Law Office of Deborah Kanner Ebner final reimbursement of expenses in the amount of **$1,608.14**;

C.      To ratify all prior interim requests for compensation and expense reimbursement;

D.      To reconsider and allow the $1,321.00 charges itemized herein as Exhibit U, which were previously disallowed; and

E.      To grant the Law Office of Deborah Kanner Ebner such other and further relief as the Court upon hearing shall deem just and equitable.

Respectfully submitted,
Law Office of Deborah Kanner Ebner

By:      /s/Deborah K. Ebner
Deborah K. Ebner, Esq.

Deborah K. Ebner (ARDC No. 6181615)
Law Office of Deborah Kanner Ebner
11 East Adams Street
Suite 904
Chicago, IL 60603
(312) 922-3838